**FILED**
November 6, 2024
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
By:_____RR_____
Deputy

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

Case No: SA:24-CR-00563-XR

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff<br><br>v<br><br>ROBERT JEFFREY MUELLER<br><br>Defendant | INDICTMENT<br><br>COUNTS 1- 8:  Wire Fraud, 18 U.S.C. § 1343 |

THE GRAND JURY CHARGES:

INTRODUCTION

At all times relevant to this Indictment:

1. Defendant ROBERT JEFFREY MUELLER, a resident of San Antonio, Texas, was a licensed attorney at law, at times a licensed insurance agent, and the founder and principal of the deeproot family of companies.

2. The deeproot family of companies, variously referred to herein collectively as deeproot, consisted of several related limited liability companies and subchapter S corporations, including but not limited to Policy Services, Inc., a Texas S corporation; deeproot Capital Management, LLC, a Texas limited liability company; and deeproot Funds, LLC, a Texas limited liability company, each of which operated in San Antonio, Texas.

3. deeproot Funds, LLC, was the "ultimate parent" of other Texas limited liability companies including but not limited to deeproot Growth Runs Deep Fund, LLC, referred to herein as the dGRD Fund; and deeproot 575 Fund, LLC, referred to herein as the 575 Fund.

4.     Investors in the dGRD Fund would be paid sequentially as life settlement policies matured. Investors in the 575 Fund would invest for five years and either receive a monthly payment of 5% simple annual interest of their principal investment or defer receiving income for the five years at which time they would receive a 7% simple annual interest return on investment, hence the name "575".

5.     Both directly and through others, Defendant ROBERT JEFFREY MUELLER promoted both the dGRD Fund and the 575 Fund as profit-generating investment vehicles investing primarily in life settlements utilizing Private Placement Memoranda (herein PPMs), PowerPoint presentations, brochures, and other marketing materials. As described in the PPMs for both the dGRD Fund and the 575 Fund, the investment strategy involved a plan to purchase life insurance policies that insured the lives of people who were not affiliated with Defendant or any of his businesses and who had sold their policies for cash settlements while still alive. These were known as "life settlements." By purchasing these policies, the Funds would be entitled to the death benefit of the purchased policies upon maturity – *i.e.*, the face value of the policy upon the death of the insured. At all times, the PPMs stated that Defendant and deeproot would invest a majority of the Funds' assets in life insurance policies.

6.     Defendant ROBERT JEFFREY MUELLER was a signatory on, and exercised nearly exclusive control of, all deeproot financial institution accounts. The Victim Investors were individuals who invested in either the dGRD Fund or the 575 Fund.

COUNTS ONE THROUGH EIGHT
[18 U.S.C. § 1343]

7.     The Introduction to this Indictment is incorporated herein as if fully restated.

8.     Beginning at a time unknown to the Grand Jury but believed to be no later than April 8, 2019, in the Western District of Texas, the Defendant, ROBERT JEFFREY MUELLER, did

unlawfully and knowingly devise and execute a scheme to defraud the Victim Investors, and to obtain from them money by means of false and fraudulent pretenses, representations and promises, through the actions set forth in the "Manner and Means" portion below.

MANNER AND MEANS

9. The scheme to defraud was accomplished through the following manner and means:

10. Defendant ROBERT JEFFREY MUELLER solicited and caused others to solicit investments in the dGRD Fund and the 575 Fund from Victim Investors.

11. Defendant ROBERT JEFFREY MUELLER falsely represented and caused others to represent to Victim Investors and other potential investors that "the simple majority of our Fund Assets" would be used by the dGRD Fund and the 575 Fund to invest primarily in "Life Policies".

12. Defendant ROBERT JEFFREY MUELLER falsely represented and caused others to represent to Victim Investors and other potential investors that income to the investors in the dGRD Fund and the 575 Fund would come from fund revenues, including life settlement maturities and operating profits from the related businesses in the deeproot family of companies.

13. Defendant ROBERT JEFFREY MUELLER falsely represented and caused others to represent to Victim Investors and other potential investors that the deeproot family of companies and specifically the dGRD Fund and the 575 Fund had substantial cash reserves.

14. Defendant ROBERT JEFFREY MUELLER falsely represented and caused others to represent to Victim Investors and other potential investors that the deeproot family of companies was debt free.

15. Defendant ROBERT JEFFREY MUELLER made and caused others to make the following omissions of material fact among others:

    a) No life settlements were purchased by deeproot after May 17, 2017.

   b) deeproot experienced substantial cash-flow shortages.

   c) On November 1, 2018, Policy Services, Inc., borrowed $1,080,000 from the seller using as collateral a life settlement policy with a death benefit of $9,000,000 which had been purchased on installment from the seller with investor funds on May 16, 2017, for $4,247,022.

   d) Having defaulted on the payments on that $1,080,000 note, on April 8, 2019, ownership of that life settlement policy reverted from Policy Services back to the seller thereby depriving the dGRD Fund and the 575 Fund of the $9,000,000 death benefit and effectively losing the investor funds which had been paid toward the purchase of that policy.

   e) A large portion of funds being invested by new Victim Investors was being used to repay earlier investors their principal and interest.

   f) New investor funds constituted the vast majority of money used to pay earlier investors.

## THE EXECUTIONS OF THE SCHEME

16. On or about the date stated below, for the Count listed below, in the Western District of Texas and elsewhere, the Defendant,

ROBERT JEFFREY MUELLER,

for the purpose of executing the scheme to defraud and to obtain money by means of false and fraudulent pretenses, representations and promises, transmitted and caused to be transmitted by wire in interstate and foreign commerce writings as set forth below.

| Count | Date | Victim Investor | Wired From | Wired To | Amount |
|---|---|---|---|---|---|
| One | 10/6/2020 | M.S. | Community National Bank, Kansas | Wells Fargo Bank, San Antonio, Texas | $100,000 |
| Two | 3/25/2021 | M.M. | TD Bank, New Jersey | Wells Fargo Bank, San Antonio, Texas | $250,000 |
| Three | 4/2/2021 | M.Z. | Community National Bank, Kansas | Wells Fargo Bank, San Antonio, Texas | $189,555.07 |
| Four | 4/12/2021 | C.W. | Bank of America, North Carolina | Wells Fargo Bank, San Antonio, Texas | $150,000 |
| Five | 4/29/2021 | K.H. | We Florida Financial, Florida | Wells Fargo Bank, San Antonio, Texas | $110,000 |
| Six | 5/10/2021 | K.H. | We Florida Financial, Florida | Wells Fargo Bank, San Antonio, Texas | $240,950.59 |
| Seven | 6/11/2021 | B.L. | Community National Bank, Kansas | Wells Fargo Bank, San Antonio, Texas | $1,000,000 |
| Eight | 6/11/2021 | J.K. | Community National Bank, Kansas | Wells Fargo Bank, San Antonio, Texas | $400,318.78 |

All in violation of Title 18, United States Code, Section 1343.

## NOTICE OF UNITED STATES OF AMERICA'S DEMAND FOR FORFEITURE
[*See* **Fed.R.Crim.P. 32.2**]

This Notice of Demand for Forfeiture includes but is not limited to the property below.

### I.
### Conspiracy to Commit Wire Fraud Violation and Forfeiture Statutes
[Title 18 U.S.C. § 1343, subject to forfeiture pursuant to Title 18 U.S.C. § 981(a)(1)(C), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c)]

As a result of the foregoing criminal violation set forth in Counts One through Eight, the United States of America gives notice to the Defendant of its intent to seek the forfeiture of certain

5

property upon conviction pursuant to Fed. R. Crim. P. 32.2 and to Title 18 U.S.C. 981(a)(1)(C), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c), which states:

> **Title 18 U.S.C. § 981. Civil forfeiture**
>
> **(a)(1)** The following property is subject to forfeiture to the United States:
> \* \* \*
> **(C)** Any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of section ... or any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense.

Wire Fraud is an offense constituting "specified unlawful activity" as defined in Title 18 U.S.C. § 1956(c)(7).

> **Title 28 U.S.C. § 2461.**
>
> **(c)** If a person is charged in a criminal case with a violation of an Act of Congress for which the civil or criminal forfeiture of property is authorized, the Government may include notice of the forfeiture in the indictment or information pursuant to the Federal Rules of Criminal Procedure...

## II.
## Money Judgment

A sum of money which represents the amount of proceeds that constitutes or is derived from the proceeds traceable to the violation set forth above for which the Defendant is solely liable.

## III.
## Substitute Assets

If any of the property described above as being subject to forfeiture for the violations set forth above, as a result of any act or omission of Defendants:

a. cannot be located upon the exercise of due diligence;
b. has been transferred or sold to, or deposited with, a third party;
c. has been placed beyond the jurisdiction of the court;
d. has been substantially diminished in value; or
e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States of America to seek forfeiture of any other property, up to the value of said money judgment, as substitute assets pursuant to Title 21 U.S.C. § 853(p) and Fed.

R. Crim. P. 32.2(e)(1).

A TRUE BILL.

███████████████████████

JAIME ESPARZA
UNITED STATES ATTORNEY

BY: _____
FOR WILLIAM R. HARRIS
Assistant United States Attorney