# Exhibit A

AO 89B (07/16) Subpoena to Produce Documents, Information, or Objects in a Criminal Case

# UNITED STATES DISTRICT COURT
for the
Western District of Texas

| | |
|---|---|
| United States of America<br>v.<br>Robert Jeffrey Mueller<br>*Defendant* | § § § § § Case No. SA:24-CR-00563(1)-XR |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CRIMINAL CASE

To:
John Patrick Lowe, in his capacity as Bankruptcy Trustee
*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following books, papers, documents, data, or other objects: **See Attachment A**

| Place: United States Courthouse<br>262 W. Nueva Street<br>San Antonio, Texas 78207 | Date and Time:<br>July 14, 2025, 5:00 P.M. |
|---|---|

Certain provisions of Fed. R. Crim. P. 17 are attached, including Rule 17(c)(2), relating to your ability to file a motion to quash or modify the subpoena; Rule 17(d) and (e), which govern service of subpoenas; and Rule 17(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: JUN 11 2025

CLERK OF COURT Philip J. Devlin

*Diana Garcia*
*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Robert Jeffrey Mueller                                              , who requests this subpoena, are:

H. Jay Hulings, Davis & Santos, PLLC; 719 S. Flores, San Antonio, Texas 78204; jhulings@dslawpc.com; 210-853-5882

### Notice to those who use this form to request a subpoena

Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules or orders establish requirements in connection with the issuance of such a subpoena. If no local rules or orders govern practice under Rule 17(c), counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to 1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte; 2) specify where the documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3) require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation under Fed. R. Crim. P. 16.

Please note that Rule 17(c) (attached) provides that a subpoena for the production of certain information about a victim may not be issued unless first approved by separate court order.

AO 89B (07/16) Subpoena to Produce Documents, Information, or Objects in a Criminal Case (Page 2)

Case No.

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 89B (07/16) Subpoena to Produce Documents, Information, or Objects in a Criminal Case (Page 3)

## Federal Rule of Criminal Procedure 17 (c), (d), (e), and (g) (Effective 12/1/08)

**(c) Producing Documents and Objects.**

(1) In General. A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

(2) Quashing or Modifying the Subpoena. On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

(3) Subpoena for Personal or Confidential Information About a Victim. After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

**(d) Service.** A marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a subpoena. The server must deliver a copy of the subpoena to the witness and must tender to the witness one day's witness-attendance fee and the legal mileage allowance. The server need not tender the attendance fee or mileage allowance when the United States, a federal officer, or a federal agency has requested the subpoena.

**(e) Place of Service.**

(1) In the United States. A subpoena requiring a witness to attend a hearing or trial may be served at any place within the United States.

(2) In a Foreign Country. If the witness is in a foreign country, 28 U.S.C. § 1783 governs the subpoena's service.

**(g) Contempt.** The court (other than a magistrate judge) may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by a federal court in that district. A magistrate judge may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by that magistrate judge as provided in 28 U.S.C. § 636(e).

## ATTACHMENT A

### I.   DEFINITIONS AND INSTRUCTIONS

1. "**You**," "**Your**," or the "**Trustee**" refers to John Patrick Lowe, 2402 East Main Street, Uvalde, TX, 78801, in his capacity as Bankruptcy Trustee appointed for the Deeproot Entities in the case styled *In re: Policy Services, Inc.*, Case No. 21-51513-MMP, pending in the United States Bankruptcy Court, Western District of Texas, San Antonio Division, and any associated or affiliated cases, and all others acting under his control, at his direction, or on his behalf, including legal counsel.

2. The "**Deeproot Entities**" refers collectively to Deeproot Funds, LLC (a/k/a dprt Funds, LLC), Policy Services, Inc., Deeproot Tech LLC, Deeproot Pinball LLC, Deeproot Studios LLC, Deeproot Sports & Entertainment LLC, Deeproot Re 12621 Silicon Dr LLC, and all affiliates of such entities, and all others acting under their control, at their direction, or on their behalf, including legal counsel.

3. "**Mueller**" refers to Defendant Robert J. Mueller and all others acting under his control, at his direction, or on his behalf.

4. "**Person**" means any individual, public or private corporation, firm, partnership, joint venture, incorporated or unincorporated association, organization, proprietorship, trust, estate, governmental agency, commission, bureau, or department, or any other business or legal entity.

5. "**Document**" includes, but is not limited to, the originals and all copies of written, reported, recorded or graphic matter however produced or reproduced, which is now or was at any time in the possession, custody, or control of the producing party, the party's attorneys, accountants, or any of their agents, including but not limited to, all papers, books, accounts, drawings, graphs, charts, photographs, electronic or videotape recordings, electronic mail and data, and any other data compilations from which information can be obtained and translated if necessary, by the person from whom production is sought, into reasonably usable form, or all of the foregoing upon which notations and writings have been made and which do not appear on the original. Document also means information stored in, or accessible through, a computer or other information storage or retrieval system. If the information is kept in a computer or information storage or retrieval system, these terms also include codes and programming instructions and other materials necessary to understand such systems. The term "document" expressly includes electronic and magnetic data in any form. Specifically, "document" includes, where applicable, archive data, archival data, backup data, backup tape recycling, deleted files, legacy data, metadata, native format files, near-line data, static format files, and systems data.

6. "**Communication**" or "**correspondence**" means the transmittal of information in the form of facts, data, inquiries or otherwise, and specifically includes e-mail, text messaging, and messaging on social media networks, and any document as defined herein reflecting such communication.

7.      "**And**" and "**or**" as used herein, shall be construed both conjunctively and disjunctively, and each shall include the other whenever such construction will serve to bring within the scope of these Requests any information that would otherwise not be brought within their scope.

8.      "**Reflect**" or "**reflecting**" means demonstrating, evidencing, relating to, referring to, describing, contemplating, or constituting.

9.      "**Concern**" or "**concerning**" or any derivative thereof means demonstrating, evidencing, relating to, referring to, reflecting, describing, contemplating, constituting, mentioning, summarizing, involving, containing, embodying, showing, comprising, discussing, commenting on, identifying, concerning, supplementing, amending, superseding, replacing, modifying, logically or factually connecting with, or pertaining to, in whole or in part, the subject matter of the particular request.

10.     The singular as used herein shall include the plural, and the masculine gender shall include the feminine and the neuter.

11.     To the extent that you believe any of the requests are objectionable, provide documents in response to the portion that, in your view, is not objectionable. Separately state the portion of the request to which you object, and the legal or factual basis for your objection pursuant to the Fed. R Civ. P. 34(b)(2)(C).

12.     To the extent that you believe any of the requests call for documents subject to a privilege, provide the responsive documents that, in your view, are not privileged. If you claim that any responsive document is privileged, please provide the information required by Fed. R Civ. P. 26(b)(5).

13.     You are requested to quote each request in full immediately preceding the corresponding response. Each answer, objection, or response to the request should be identified by the same number and should appear in the same order.

14.     Each document shall be produced as it is kept in the usual course of business or shall be organized and labeled to correspond to the category of documents requested. For each document requested, produce the entire document, including all attachments, appendices, and exhibits. All non-identical copies of a document are to be produced.

15.     The documents requested herein include any and all documents that are in your possession, custody or control and any and all documents in the possession, custody or control of third parties, including employees, agents, attorneys, accountants or others, if you have the right or privilege to examine such documents upon request or demand, whether or not such right or privilege has been exercised.

16.     For a document that no longer exists or that cannot be located, identify the document, state when and how it passed out of existence, or when it could no longer be located, and the reasons for the disappearance. Also, identify each person having knowledge about the

disposition or loss of the document, and identify any other document evidencing the lost document's existence or any facts about the lost document.

      17.    You may comply with this subpoena by providing the requested documents to Davis & Santos, PLLC, 719 S. Flores St., San Antonio, Texas 78204, c/o Jay Hulings. If you have any questions, please contact Jay Hulings, Davis & Santos, PLLC, at (210) 853-5882 or jhulings@dslawpcom.

## II.  REQUESTS FOR PRODUCTION

1.  Please produce documents reflecting any testimony, declaration, affidavit, or other statements regarding Mueller or the Deeproot Entities by any of the following persons:

- Jonmark Richardson;
- Gregory Curtis Minear;
- Shelly Minear;
- Darryl Jay Stein;
- Mark Alan Zabinski;
- Paula Burke;
- David Burke;
- Thomas Andrew;
- Sean Michael Fleming;
- Nate Spradlin;
- Scott Allen;
- Eric Dandridge;
- Dennis Concilla;
- Andrew Federico;
- Chris Turner;
- Ament Bradley;
- Deborah Belinowiz;
- Ronnie Counts;
- James Donnelly;
- Alan Garland;
- John Gray;
- Lawson Horner;
- Robert Kane;
- Jennifer Tyann Kinnard;
- Brad Allen Leon;
- Matthew MacVane;
- Gary Marburger;
- Pauline Rubin;
- Michael Spotofora;
- Charles Walker;
- Joann Wells.

2.  Please produce documents reflecting an agreement between any of the Deeproot Entities and Brad Allen Leon, including without limitation any document entitled "Application & Subscription Agreement" or any agreement entered into through electronic means.

3.  Please produce documents reflecting any agreement between any of the Deeproot Entities and Michael Spotofora, including without limitation any document entitled "Application & Subscription Agreement" or any agreement entered into through electronic means.

4.      Please produce documents reflecting an agreement between any of the Deeproot Entities and Bradley Ament, including without limitation any document entitled "Application & Subscription Agreement" or any agreement entered into through other electronic means.

5.      Please produce documents reflecting an agreement between any of the Deeproot Entities and Jennifer Tyann Kinard, including without limitation any document entitled "Application & Subscription Agreement" or any agreement entered into through electronic means.

6.      Please produce documents reflecting an agreement between any of the Deeproot Entities and Kenneth Henderson, including without limitation any document entitled "Application & Subscription Agreement" or any agreement entered into through electronic means.

7.      Documents sufficient to show each screen, page, text, or other document shown by the Deeproot Companies to a potential investor prior to entering into an agreement to invest in any of the Deeproot Companies, from January 1, 2021 to August 1, 2021.