**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

UNITED STATES OF AMERICA,          §
                                   §
                                   §
                                   §
v.                                 §          Case No.  SA-24-CR-00563-XR
                                   §
ROBERT JEFFREY MUELLER,            §
                                   §

**ORDER**

On this day came on to be considered the Government's motion in limine (ECF No. 32).

**BACKGROUND**

The Defendant is charged with wire fraud under 18 U.S.C. § 1343. The Government alleges in an Indictment that Robert Jeffrey Mueller, a lawyer and at times a licensed insurance agent, founded deeproot, which consisted of several related limited liability companies. *See generally* ECF No. 1.

The Government further alleges that deeproot Funds, LLC, was the "ultimate parent" of other Texas limited liability companies including but not limited to deeproot Growth Runs Deep Fund, LLC, (dGRD Fund) and deeproot 575 Fund, LLC, (575 Fund). The Government contends that Mueller "promoted both the dGRD Fund and the 575 Fund as profit-generating investment vehicles investing primarily in life settlements."

The Indictment alleges that Mueller falsely represented to investors that: (1) "the simple majority of our Fund Assets" would be used by the dGRD Fund and the 575 Fund to invest primarily in "Life Policies"; (2) the deeproot family of companies was debt free; and (3) the Funds had "substantial cash reserves."

The Government argues that the Defendant raised more than $58 million from investors, but rather than use the monies to buy life insurance policies, he only spent $10 million in

1

purchasing life insurance policies and commingled the remaining amount into other bank accounts that he controlled.

In its motion in limine, the Government asserts that the Defendant will attempt to introduce irrelevant material at trial, namely the amounts that the supplier (Thomas Andrew) of life insurance policies paid to obtain the policies prior to the resale to Defendant. Alternatively, it seeks to limit the introduction of any such testimony under Fed. R. Evid. 403.

Defendant argues that he has no intention of introducing any testimony as to how much Mr. Andrew spent on initially acquiring the various life insurance policies at issue. ECF No. 36 at 5. That said, the Response goes on to state that Mr. Andrew was a con man who vastly overpriced the policies that he sold to deeproot. *Id.* at 6–7.

## ANALYSIS

To establish a violation of the wire fraud statute, the Government must prove: "(1) a scheme to defraud exists, (2) the defendant used wire communications in interstate or foreign commerce to further that scheme, and (3) the defendant had specific intent to defraud." *United States v. Davis*, 53 F.4th 833, 842 (5th Cir. 2022).

"A defendant 'acts with the intent to defraud when he acts knowingly with the specific intent to deceive for the purpose of causing pecuniary loss to another or bringing about some financial gain to himself.'" *United States v. Ashley*, 128 F.4th 641, 647 (5th Cir. 2025), cert. denied, 145 S. Ct. 2830, 222 L. Ed. 2d 1107 (2025). Evidence that the defendant was himself a victim of fraud by a third party does not negate the requisite fraudulent intent toward the investors and is not relevant to whether the defendant made false representations to those investors. The relevant inquiry is whether the defendant knowingly made false representations to the investors about how their money would be invested. The fact that the defendant may have been overcharged

by someone else in a separate transaction does not demonstrate that the defendant lacked fraudulent intent when soliciting investor funds or that the defendant believed his representations to investors were truthful. Accordingly, that testimony is not relevant and inadmissible. Further, such testimony should be prohibited under Fed. R. Evid. 403.

## CONCLUSION

The Government's motion in limine (ECF No. 32) is **GRANTED**.  But should the Government open the door to this issue in its case-in-chief, this ruling may be revisited.

It is so **ORDERED**.

**SIGNED** this March 17, 2026.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

3