**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>    **Plaintiff**<br><br>         **v.**<br><br>**ROBERT JEFFREY MUELLER**<br><br>    **Defendant** | **Case No.:  5:24-CR-00563-XR** |

**DEFENDANT'S OPPOSED MOTION TO CONTINUE TRIAL SETTING**

TO THE HONORABLE COURT:

Defendant Robert Jeffrey Mueller ("**Mr. Mueller**" or the "**Defense**") files this Opposed Motion to Continue Trial Setting (the "**Motion**") and in support would respectfully show:

## I.    INTRODUCTION

Mr. Mueller is currently set for a jury trial this coming April 13, 2026, with initial pretrial motions and other documents due in a few days, on March 27, 2026. A little more than a week before these deadlines, the Government filed a superseding indictment that substantively changed the manner and means of the alleged conspiracy. Counsel for the Government initially agreed not to oppose a motion to continue the trial date in light of the superseding indictment, and Mr. Mueller and his counsel made plans accordingly. But, just a few days later, the Government changed its mind and now opposed a continuance.

The Government's equivocation aside, there are compelling grounds to continue the trial date. As detailed below, these include potential challenges to the superseding indictment, ongoing discovery, and the potential need to depose critical witnesses. There is also nothing magical about an April trial date; the Government will not be prejudiced by trying this case in a few months or

even later this year. Mr. Mueller therefore respectfully requests that the Court grant this motion and continue the trial date and other deadlines in this matter by at least 90 days.

## II.    BACKGROUND[1]

The Indictment against Mr. Mueller was filed on November 6, 2024. *See* ECF No. 1. It asserted eight counts of wire fraud and alleged that Mr. Mueller engaged in a scheme to defraud investors in his companies (referred to collectively herein as the "Deeproot companies") from April 2019 to June 2021. *Id.* The Indictment alleged that Mr. Mueller carried out this scheme through manner and means that included a defined list of material misstatements and omissions, including alleged false representations regarding the use of investor funds, alleged false representations that certain Deeproot companies had "substantial cash reserves" and were "debt" free, and alleged omissions regarding the purchase, collateralization, and loss of a specific insurance policy (i.e., the "Basha" policy, though the Indictment does not use the term). *Id.*

On February 27, 2025, the Government produced its initial production of documents to Mr. Mueller. The parties have since engaged in multiple rounds of document discovery, including service of a subpoena on a third party and related production. The Government alone has produced over 50,000 pages of discovery. That discovery remains ongoing. The Government produced additional documents on March 17 and March 24, 2026, and still has not produced summary exhibits regarding financial transactions of the Deeproot companies.

The parties agreed to continue the trial date on three occasions, one of which was informally requested by the Government. The Court granted these motions and entered new scheduling orders on February 26, June 27, and most recently on October 24, 2025, which resulted

---

[1] The Defense understands that the facts detailed herein are undisputed but will provide supporting materials or a declaration if requested.

in the current trial date of April 13, 2026. *See* ECF No. 25; ECF No. 29; ECF No. 31. The Court also set the deadline for the filing of pretrial motions, jury instructions, and voir dire questions for this Friday, March 27. *See* ECF No. 31.

On March 18, 2026, the Government secured a Superseding Indictment. *See* ECF No. 39. The Superseding Indictment dismisses three of the eight counts included in the original Indictment and rewrites the alleged manner and means. *Id.* Among other changes, the Government has replaced several of the specific enumerated alleged misrepresentations identified in the original indictment, including the paragraphs regarding the Basha policy, the supposed misrepresentation regarding "debt," and the supposed misrepresentation regarding "substantial reserves." *See* ECF No. 1; ECF No. 39. In their place, the Government asserts a broadly worded catch-all allegation: "**MUELLER** falsely represented and caused others to represent to Victim Investors the financial condition of the deeproot family of companies to Victim Investors." ECF No. 39 ¶ 14.

On March 18, Counsel for Mr. Mueller spoke with counsel for the Government regarding a potential continuance of the trial date, among other matters. Counsel for the Government indicated that the Government would not oppose a continuance given that the Government had secured a superseding indictment earlier that day. Less than a week later, in a phone call on March 24, counsel for the Government stated that the Government had changed its mind and now opposed a continuance.

### III.    ARGUMENT AND AUTHORITIES

"A continuance granted by the district court can toll the speedy trial clock—whether granted *sua sponte* or on a party's motion—if the judge grants the continuance 'on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'" *United States v. Dignam*, 716 F.3d 915, 921 (5th Cir.

2013) (quoting 18 U.S.C. § 3161(h)(7)(B)).. The Court may consider a variety of factors to determine whether a continuance serves the "ends of justice," including "whether failure to grant a continuance would deny counsel for the defendant . . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.'" *Id.* (quoting 18 U.S.C. § 3161(h)(7)(B)(iv)).

A continuance of the current trial date is necessary to provide the defense with reasonable time to prepare a defense, for several reasons.

First, the changes in the Superseding Indictment warrant additional time. The change from a definitive list of alleged misrepresentations to a vague allegation that Mr. Mueller misrepresented the "financial conditions" of the Deeproot companies is potentially substantial. The term "financial conditions" could encompass almost any aspect of the Deeproot companies, including without limitation asset allocation strategies, capital acquisition expenditures, research and development costs, employee payroll, equipment depreciation, revenue recognition methods, and internal transfers between Deeproot entities. The "financial conditions" allegation is also not limited in time, and most of the above variables changed significantly throughout the approximately seven years the Deeproot companies were in existence.

Notably, the change in pleading could permit evidence regarding subjects that appeared to have been out-of-bounds under the original Indictment, including allegations regarding the salary and other payments made to Mr. Mueller and the manner in which Mr. Mueller accounted for transfers between the Deeproot entities. These subjects were part of the SEC's case against Mr. Mueller but were apparently not part of this criminal case, perhaps until now. Counsel for the Government has even suggested that a Superseding Indictment was necessary to permit evidence

regarding PPP loans to the Deeproot companies, which are not specifically referenced in the Superseding Indictment but which could be included within the term, "financial conditions."

The ambiguity in the scope of the prosecution created by the Superseding Indictment may warrant a Motion for a Bill of Particulars, if the Government does not otherwise clarify the scope of its claims. Mr. Mueller will confer with the Government but reserves the right to file such a motion in the coming days. But the Superseding Indictment also significantly expands the issues and potential evidence that may be introduced at trial and does so less than 30 days from trial. This change could thus significantly alter the preparation, strategy, witnesses, and evidence required to defend this case. It may also alter (and likely expand) the potential evidence that must be addressed in pretrial motions in limine, which are due in just three days. An extension of 90 days or more would give the Defense time to confer and file appropriate motions to clarify the scope of the indictment, prepare motions in limine, and adequately prepare for trial.

Second, a continuance would help resolve potential issues regarding witness availability. Mr. Mueller intends to assert an advice-of-counsel defense, in addition to other defenses. That defense involves the testimony of his former counsel, Dennis Concilla. During the litigation of the SEC case, Mr. Mueller and the Trustee for the Deeproot companies waived the attorney-client privilege and work product protections as to a subset of Mr. Mueller's communications with Mr. Concilla and his colleagues. They maintained the application of the privilege as to communications after initiation of the SEC investigation, which began in approximately November of 2020. Mr. Mueller is currently considering a broader waiver of privilege/protections to permit introduction of potentially exculpatory evidence and testimony regarding communications with Mr. Concilla in early 2021 (though agreement with the Trustee may be necessary).

Counsel for the Government and Mr. Mueller had tentatively agreed to use the transcript and video from Mr. Concilla's 2023 deposition in the SEC case at trial in this matter, based on the common understanding that Mr. Concilla would be unable to testify live at trial. In the past week, the Government has indicated that the Defense may need to call Mr. Concilla live or preserve his testimony through a new deposition. That is the Government's prerogative and may very well be appropriate if Mr. Mueller expands the privilege waiver. The Defense is in the process of confirming whether Mr. Concilla is able to testify live or at a deposition. But if a deposition is necessary, it will take time to schedule and conduct. Moreover, if the privilege waiver is expanded, additional document discovery will be necessary.

Similarly, the Government has represented that it opposes a continuance out of concern regarding the availability of the investors named in the Superseding Indictment, several of whom are retired and may have difficulty traveling to San Antonio for trial. But if these witnesses cannot be available, there are ways to preserve their testimony that do not impair Mr. Mueller's rights to a fair trial. The Defense is ready to engage in depositions for these investor witnesses, Mr. Concilla, or any other necessary witnesses who are unable to testify live. A continuance of 90 days or more would permit the parties time to conduct any necessary depositions and complete discovery.

Third, the Defense has been diligent in its preparation for this case. The Defense has produced its own discovery, including the production of a summary exhibit and other documents on March 17, 2026. It has also secured documents through subpoenas to third parties and conferred with counsel for Government witnesses regarding potential document production and testimony. As is evident from the Response to the Government's Motion in Limine (ECF No. 32) filed on March 3, 2026, the Defense was familiar with the central issues and prepared to defend the case outlined in the original Indictment. The Defense has been aware of communications that may be

6

covered by a potential privilege waiver, but the importance of those communications has become clear only after discovery, communications with the Government regarding motions in limine, and witness interviews.

The Government, on the other hand, is still producing documents in discovery—including documents this week. It also apparently has not completed preparation of summary exhibits regarding bank records, despite those records being in the Government's possession for several years and despite several requests by the Defense.

Finally, the Government has not identified any potential prejudice to trying this case this summer or this fall. If there are particular witnesses whose testimony must be preserved, then the Government should identify those witnesses and move for depositions. If there is some other issue that requires a trial in April—other than the impatience of witnesses or federal agents—the Government should identify that issue so that the parties can address it, if possible.

This motion is not made for purposes of delay but so that justice can be done.

Undersigned counsel has conferred with counsel for the Government, who indicated the Government is opposed to the relief requested herein.

If the Court is inclined to grant this Motion, the Defense requests the opportunity to confer with counsel for the Government to identify dates that are acceptable to the Court, the Defense, the Government, and key witnesses.

## IV.    CONCLUSION

For the foregoing reasons, Mr. Mueller respectfully requests that the Court grant this motion and extend the trial setting and all related deadlines in this case by at least ninety days.

DATED: March 25, 2026.

Respectfully submitted,

**DAVIS & SANTOS, PLLC**


By: */s/ H. Jay Hulings*
  Jason M. Davis
  State Bar No. 00793592
  Email: jdavis@dslawpc.com
  H. Jay Hulings
  State Bar No. 24104573
  E-mail: jhulings@dslawpc.com
  719 S. Flores Street
  San Antonio, Texas 78204
  Tel: (210) 853-5882
  Fax: (210) 200-8395

  ***Attorneys for Defendant***
  ***Robert Jeffrey Mueller***

**CERTIFICATE OF CONFERENCE**

I certify that counsel for Defendant has conferred with Mr. William Harris, counsel for United States of America, who confirmed that the Government opposes this Motion.

/s/ H. Jay Hulings
H. Jay Hulings


**CERTIFICATE OF SERVICE**

I certify that on March 25, 2026, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system and all counsel of record will receive an electronic copy via the Court's CM/ECF system.

/s/ H. Jay Hulings
H. Jay Hulings

9