**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v** | |
| **(1) ROBERT JEFFREY MUELLER** | **CRIMINAL NO. SA 24 CR 563 XR** |

GOVERNMENT'S RESPONSE TO
DEFENDANT'S OPPOSED MOTION TO CONTINUE TRIAL SETTING

TO THE HONORABLE XAVIER RODRIGUEZ, UNITED STATES DISTRICT JUDGE:

The United States opposes the instant Motion to continue the April 13, 2026, trial date in this case for the following reasons:

First and foremost, the driving reason for superseding the initial indictment was the death of the victim named in the original Count Four and the age and infirmity of the victim named in the original Counts Five and Six.  For those reasons, Counts Four, Five, and Six, of the original indictment were deleted from the Superseding Indictment. The victim referred to as "M.M." in Count Two of the Superseding Indictment is over 80 years old and resides approximately 1,300 miles away.  M.M. lost $1,750,000 from investing in the deeproot 575 Fund, only $250,000 of which is charged in Count Two.  He is currently prepared to travel and testify for the April 13, 2026, trial date, as he too has a right to proceedings free from unreasonable delay. 18 U.S.C. § 3771(a)(7). While the month of April is not "magical" for a trial, it best ensures the rights of remaining victims whereas the passage of time has already ravaged the rights of other victims.

Second, the United States takes issue with Defendant's position that the Superseding Indictment expanded or changed the scope of the case.  As noted by counsel during a March 19th phone call after counsel viewed the Superseding Indictment, "the scope of the case has not

changed even if the indictment scope has changed." Sources and uses of funds, to include loans, PPP or otherwise, and salaries, were equally a part of the theory of prosecution under the original Indictment. That did not change with the narrowing of the Superseding Indictment.

Closely related, any defense concerning the advice rendered by Dennis Concilla after the SEC initiated its investigation in 2020 was equally applicable and therefore known to Defendant prior to the Superseding Indictment. Under both the original Indictment and the Superseding Indictment, all but Count One occurred after Mr. Concilla rendered advice to Defendant. In other words, the Superseding Indictment did not change the applicability of this additional asserted reliance on counsel.

Finally, the United States has recently and will continue to supplement its discovery. Discovery provided recently contain materials from the SEC which Defendant has had for years through discovery in its litigation against Defendant, Civil Action No. SA 21 CV 785 XR, or potential *Brady/Giglio* material[1] the United States has learned of while preparing witnesses to testify for the April 13, 2026, trial date. This is the normal course of trial preparation and required by the Government. In this particular case, to date, nothing has been produced requiring lengthy review by Defense.

WHEREFORE, the Opposed Motion to Continue should be denied and trial should commence as scheduled.

Respectfully submitted,

JUSTIN R. SIMMONS
UNITED STATES ATTORNEY

WILLIAM R. HARRIS
ASSISTANT UNITED STATES ATTORNEY

---

[1] Specifically, two confidential settlements between two deeproot victims and an outside "finder" who had introduced the victims to the deeproot scheme.

Ohio Bar No. 0017818

ALICIA LOVETT McNAB
ASSISTANT UNITED STATES ATTORNEY
601 N.W Loop 410, Suite 600
San Antonio, Texas 78216-5597
(210) 384-7025

CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of March 2026, a true and correct copy of the foregoing

instrument was electronically filed with the Clerk of the Court using the CM/ECF System which

will transmit notification of such filing to the following CM/ECF participant:

H. Jay Hulings, Esquire
719 S. Flores Street
San Antonio, Texas 78204
jhulings@dslawpc.com

WILLIAM R. HARRIS
Assistant United States Attorney

3