**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **Plaintiff** | |
| **v.** | **Case No.:  5:24-CR-00563-XR** |
| **ROBERT JEFFREY MUELLER** | |
| **Defendant** | |

**DEFENDANT'S REPLY REGARDING OPPOSED MOTION
TO CONTINUE TRIAL SETTING**

TO THE HONORABLE COURT:

Defendant Robert Jeffrey Mueller ("**Mr. Mueller**" or the "**Defense**") files this Reply Regarding his Opposed Motion to Continue Trial Setting (ECF No. 48, the "**Motion**") and in support would respectfully show:

The Government's Response to Defendant's Oppose Motion to Continue Trial Setting (ECF. No. 49, the "**Response**") makes two assertions that require clarification.

First, though the Government claims that the witness referred to as "M.M." is available to testify on April 13, it does not claim that M.M. would be *unavailable* to testify at a later date. The fact that the Government has already made travel arrangements for M.M. does not, by itself, justify forcing Mr. Mueller to go to trial on a new indictment on short notice. Moreover, the Government does not mention the Defense's offer to do pretrial depositions of witnesses, if necessary to preserve testimony. As noted in the Motion, the Defense is willing to work with the Government to schedule and conduct any depositions necessary to preserve trial testimony, including a deposition of M.M. The Defense is also willing to work with the Government to identify a new trial date suitable to witnesses, the Court, and the parties.

Second, the Government's representation that all "[s]ources and uses of funds, to include loans, PPP or otherwise, and salaries" will be part of the trial actually demonstrates why a Bill of Particulars may be necessary. In previous telephone conversations between counsel, the Government represented that it may introduce some evidence regarding the amounts paid to Mr. Mueller as part of its summary of bank records. But counsel also stated that the Government did *not* intend to allege that Mr. Mueller misled investors by failing to disclose that Mr. Mueller received a salary or other non-payroll compensation.[1] Contrary to representations in the Response, those allegations likely would not be permissible under the original Indictment, which did not include payments to Mr. Mueller among its defined list of alleged misrepresentations and omissions. *See* ECF No. 1; *see also Stirone v. United States*, 361 U.S. 212, 215-16 (1960) ("[A]fter an indictment has been returned its charges may not be broadened through amendment except by the grand jury itself.").

Indeed, if the Government did not intend to substantially change the evidence it planned to introduce at trial, there would be no reason for the Government to substantively rewrite the manner and means section of the Superseding Indictment. The Government could have simply dismissed the Counts in the Indictment involving unavailable witnesses. But by rewriting the manner and means section, the Government significantly broadened the potential scope of evidence the Government could introduce at trial—and thus expanded the issues, evidence, and witnesses for which the Defense must prepare, on short notice and to its prejudice.[2]

---

[1] Mr. Mueller is not required to rely on informal representations of counsel regarding limits to the Government's intended evidence, even among counsel who have worked together for many years. As this exchange of briefs makes clear, informal representations on telephone calls can be misunderstood and theories of a prosecution or defense may evolve over time.

[2] Notably, other factors the Court may consider in determining whether to grant a continuance for the ends of justice weigh substantially in Mr. Mueller's favor, including the amount of time available to prepare for trial (i.e., three weeks from the Superseding Indictment), the defendant's role in shortening the

The Government is entitled to change its pleadings. It is entitled to change its theory of the case. But making such changes at the last minute has consequences, including that the Defense may need additional time to prepare for the Government's new allegations. The Government has evidently made such a change in this case, and it has done so approximately three weeks before trial and approximately one week before the deadline for pretrial motions. A continuance of the trial setting and related deadlines is therefore warranted.

For the reasons stated above and in the Motion, Mr. Mueller respectfully requests that the Court extend the trial setting and all deadlines in this case by at least ninety days.

DATED: March 25, 2026.

Respectfully submitted,

**DAVIS & SANTOS, PLLC**

By: _/s/ H. Jay Hulings_
Jason M. Davis
State Bar No. 00793592
Email: jdavis@dslawpc.com
H. Jay Hulings
State Bar No. 24104573
E-mail: jhulings@dslawpc.com
719 S. Flores Street
San Antonio, Texas 78204
Tel: (210) 853-5882
Fax: (210) 200-8395

***Attorneys for Defendant***
***Robert Jeffrey Mueller***

---

time available (i.e., the Government filed the Superseding Indictment), the complexity of the case (i.e., the case is complex), the amount of time available (i.e., three weeks), and the timeliness of the Motion (i.e., filed the day after the Government stated it opposed the Motion). *See United States v. Sheperd*, 27 F.4th 1075, 1086-87 (5th Cir. 2022).

## CERTIFICATE OF SERVICE

I certify that on March 25, 2026, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system and all counsel of record will receive an electronic copy via the Court's CM/ECF system.

*/s/ H. Jay Hulings*
H. Jay Hulings

4