**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>**v**<br><br>**(1) ROBERT JEFFREY MUELLER** | **CRIMINAL NO. SA 24 CR 563 XR** |

GOVERNMENT'S MOTION *IN LIMINE* REGARDING ADMISSIBILITY OF EVIDENCE

TO THE HONORABLE XAVIER RODRIGUEZ, UNITED STATES DISTRICT JUDGE:

The United States moves this honorable Court to rule *in limine* that evidence of

Defendant obtaining loans under the COVID- era relief Payroll Protection Program and, in one

instance, using those funds to pay investors amounts owed to them is admissible.  The United

States submits that this evidence is intrinsic to the wire fraud scheme charged in the Superseding

Indictment.  Should the Court find it is not intrinsic, the United States submits it should

nevertheless be admitted pursuant to Fed.R.Evid. Rule 404(b) to show Defendant's motive to get

cash by any means, opportunity to perpetuate the scheme, intent in paying investors with non-

revenue funds since there were never sufficient revenues, knowledge that there are grossly

insufficient revenues to make promised payments to investors, and absence of mistake, and/or

lack of accident.

The Paycheck Protection Program (PPP) was a U.S. Small Business Administration

(SBA) loan program, active through May 2021, designed to help small businesses pay and retain

employees during the COVID-19 pandemic. Loans were fully forgivable if used for payroll, rent,

utilities, and mortgage interest, with at least 60% spent on payroll.  Defendant obtained four PPP

loans during the indictment timeframe, May 11, 2020, May 27, 2020, November 30, 2020, and

February 2, 2021. These PPP loans were issued by federally insured financial institutions to which Defendant applied stating that at least 60% of the funds would be spent on payroll.  In seeking the loan forgiveness after the fact, he likewise so certified.  The loans were then forgiven.  According to bank records, the Defendant used the November 30 and February 2 PPP loans of $411,923.25 and $112,948 respectively to pay investors in the deeproot Funds. Specifically, Defendant paid investors 49% of the November 30 loan and 44% of the February 2 loan. Since less than 60% of the loan was used for payroll or rent, Defendant misused the PPP loan per his agreement with the banks.

The United States submits that the Defendant's misuse of the PPP loans is intrinsic to the charged scheme as it is "inextricably intertwined" in two respects. *United States v. Williams*, 900 F.2d 823, 825 (5th Cir. 1990). First, during the indictment timeframe while the Defendant was obtaining the PPP loans, he continued to direct employees to tell investors that deeproot was debt free.  A PPP loan is a debt, the potential for forgiveness notwithstanding.  Second, the fact that these payments to investors came from loan proceeds instead of life settlement policy maturities or operating revenues of deeproot related companies goes to the core of how investors were being deceived.

If not intrinsic, this is nevertheless admissible under Rule 404(b) as it shows Defendant's motive was to continue the scheme regardless of where funds came from; his opportunity to perpetuate the scheme by making payments out of loan proceeds when there were insufficient revenues to avoid defaulting on investor payments; his intent in paying investors with non-revenue funds since there were never sufficient revenues; his knowledge that there were grossly insufficient revenues to make promised payments to investors; and his absence of mistake, and/or lack of accident in using funds that were not derived from revenue to pay investors.

**Knowledge and Intent:** The Defendant's misuse of the PPP loans involves the same state of mind at issue in misusing investor funds in this case. Where the offenses involve the same state of mind, the extrinsic bad act is relevant to an issue other than character, as it decreases the likelihood that the defendant acted with lawful intent in the charged offense. *United States v. Gordon,* 780 F.2d 1165, 1173 (5th Cir. 1986); *United States v. Beechum,* 582 F.2d 898, 911 (5th Cir. 1978), *cert. denied* 440 U.S. 920 (1979). When offered to show knowledge, "[t]he extrinsic offense need merely be of such a nature that its commission involved the same knowledge required for the offense charged." *Beechum*, 582 F.2d 912, n.15. The Defendant's use of PPP loan funds for purposes outside the loan's expressly stated purpose is of such a nature that its commission involved the same knowledge required for the charged offenses, using investor funds for purposes other than what investors were told. *Id*. The issue of Defendant's state of mind as it pertains to obtaining funds to pay investors outside of revenues derived from his businesses goes to the heart of one of the elements the Government must prove in all of the counts charged – that the defendant had the intent to defraud investors.

Where the extrinsic offense is pertinent to a defendant's intent to commit the offense charged, "relevancy is determined by comparing the state of mind of the defendant in perpetrating the respective offenses." *Gordon*, 780 F.2d at 1173; *Beechum*, 582 F.2d at 911.

It is within the Court's discretion to admit this evidence according to these rules. *See, e.g., United States v. McClatchy*, 249 F.3d 348, 358 (5th Cir. 2001), *cert. denied*, 534 U.S. 896 (2001) ("This Court reviews a district court's admission or exclusion of evidence for abuse of discretion.")

3

WHEREFORE, the United States moves the Court to rule this evidence admissible.

Respectfully submitted,

JUSTIN R. SIMMONS
UNITED STATES ATTORNEY


WILLIAM R. HARRIS
ASSISTANT UNITED STATES ATTORNEY
Ohio Bar No. 0017818

ALICIA LOVETT McNAB
ASSISTANT UNITED STATES ATTORNEY
601 N.W Loop 410, Suite 600
San Antonio, Texas 78216-5597
(210) 384-7025

CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of February 2026, a true and correct copy of the

foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF

System which will transmit notification of such filing to the following CM/ECF participant:


H. Jay Hulings, Esquire
719 S. Flores Street
San Antonio, Texas 78204
jhulings@dslawpc.com


WILLIAM R. HARRIS
Assistant United States Attorney

4

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>**v**<br><br>**(1) ROBERT JEFFREY MUELLER** | **CRIMINAL NO. SA 24 CR 563 XR** |

ORDER

Before the Court is the Government's Motion *In Limine* to Regarding Evidence, and for the reasons stated therein, the Court finds that it should be GRANTED.

Specifically, the Court finds that Defendant obtaining loans under the Payroll Protection Plan which he subsequently used to pay investors purported profits is intrinsic to the wire fraud scheme alleged in the Superseding Indictment.

Alternatively, the Court finds that even of it were not intrinsic, it would nevertheless be admissible under Fed.R.Evid. 404(b) for the reasons discussed in the instant Motion.

IT IS THEREFORE ORDERED THAT such evidence will be admitted into evidence in this case.

SO ORDERED this _____ day of _____ 2026.


XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE