UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v<br><br>(1) ROBERT JEFFREY MUELLER | <u>CRIMINAL NO. SA 24 CR 563 XR</u> |

<u>GOVERNMENT'S REQUESTED JURY INSTRUCTIONS</u>

The United States of America, by and through the undersigned Assistant United States Attorney, files these requested jury instructions and special verdict form for the Court's consideration. As set forth below, the Government's Proposed Jury Instructions include the following instructions from the Fifth Circuit Pattern Jury Instructions (2024):

**I.      General and Preliminary Instructions:**

**1.01:   PRELIMINARY INSTRUCTIONS[1]**

Members of the Jury:

Now that you have been sworn, I will give you some preliminary instructions to guide you in your participation in the trial.

***Duty of the jury:***

It will be your duty to find from the evidence what the facts are. You and you alone will be the judges of the facts. You will then have to apply to those facts the law as the court will give it to you. You must follow that law whether you agree with it or not. Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. In particular, do not let racial, ethnic, national origin, or

---

[1] Pattern Crim. Jury Instr. 5th Cir. 1.01 (2024).

other bias influence your decision in any way. Nothing the court may say or do during the course of the trial is intended to indicate, or should be taken by you as indicating, what your verdict should be.

***Evidence:***

The evidence from which you will find the facts will consist of the testimony of witnesses, documents and other items received into the record as exhibits, and any facts that the lawyers agree to or stipulate to or that the court may instruct you to find.

Certain things are not evidence and must not be considered by you. I will list them for you now.

1.    Statements, arguments, and questions by lawyers are not evidence.

2.    Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

3.    Testimony that the court has excluded or told you to disregard is not evidence and must not be considered.

4.    Anything you may have seen, heard, or read outside the courtroom is not evidence and must be  disregarded. You are to decide the case solely on the evidence presented here in the  courtroom.

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is proof of facts from which

you may infer or conclude that other facts exist. I will give you further instructions on these as well as other matters at the end of the case, but keep in mind that you may consider both kinds of evidence.

It will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness's testimony to accept or reject. I will give you some guidelines for determining the credibility of witnesses at the end of the case.

***Rules for criminal cases:***

As you know, this is a criminal case. There are three basic rules about a criminal case that you must keep in mind.

*First*: the defendant is presumed innocent until proven guilty. The indictment brought by the government against the defendant is only an accusation,  nothing more. It is not proof of guilt or anything else. The defendant therefore starts out with a clean slate.

*Second*: the burden of proof is on the government until the very end of the case. The defendant has no burden to prove his innocence, or to present any evidence, or to testify. Since the defendant has the right to remain silent, the law prohibits you from arriving at your verdict by considering that the defendant may not have testified.

*Third*: the government must prove the defendant's guilt beyond a reasonable doubt. I will give you further instructions on this point later, but bear in mind that in this respect a criminal case is different from a civil case.

***Summary of applicable law:***

In this case the defendant is charged with five counts of Wire Fraud.  I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision. But in order to help you follow the evidence, I will now give you a brief summary

of the elements of the offense that the government must prove beyond a reasonable doubt to make its case.

For Wire Fraud, the United States must prove that from some point in time no later than April 8, 2019, the defendant knowingly devised and executed a scheme to defraud which employed false material representations, pretenses or promises, to include omissions of material fact, with a specific intent to defraud, and that to carry out the scheme he transmitted or caused to be transmitted in interstate commerce by wire any communication.[2]

### *Conduct of the jury:*

Now, a few words about your conduct as jurors.

During the course of the trial, do not speak with any witness, or with the defendant, or with any of the lawyers in the case. Please do not talk with them about any subject at all. You may be unaware of the identity of everyone connected with the case. Therefore, in order to avoid even the appearance of impropriety, do not engage in any conversation with anyone in or about the courtroom or courthouse. It is best that you remain in the jury room during breaks in the trial and do not linger in the hall. In addition, during the course of the trial, do not talk about the trial with anyone else—not your family, not your friends, not the people with whom you work. Also, do not discuss this case among yourselves until I have instructed you on the law and you have gone to the jury room to make your decision at the end of the trial. Otherwise, without realizing it, you may start forming opinions before the trial is over. It is important that you wait until all the evidence is received and you have heard my instructions on rules of law before you deliberate among yourselves.

---

[2] Adapted from Pattern Crim. Jury Instr. 5th Cir. 2.57 (2024).

You, as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom. This means that during the trial you must not conduct any independent research about this case, the matters in this case, and the individuals or corporations involved in the case. In other words, you should not consult dictionaries or reference materials, search the Internet, websites, or blogs, or use any other electronic tools to obtain information about this case or to help you decide the case. Please do not try to find out information from any source outside the confines of this courtroom.

I know that many of you use cell phones, the Internet, and other tools of technology. You also must not talk to anyone at any time about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate with anyone about the case through any means, including your cell phone, through e-mail, Blackberry, iPhone, text messaging, or on Snapchat or Twitter, or through any blog or website, including Facebook, Google+, MySpace, LinkedIn, or YouTube. You may not use any similar technology of social media, even if I have not specifically mentioned it here. I expect you will inform me as soon as you become aware of another juror's violation of these instructions. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

***Course of the trial:***

I will now give you a roadmap to help you follow what will happen over the entire course of this trial. First, the government will make an opening statement, which is simply an outline to help you understand the evidence as it is admitted. Next, the defendant's attorney may, but does not have to, make an opening statement. Opening statements are neither evidence nor arguments.

The government will then present its witnesses, and counsel for the defendant may cross-examine them. Following the government's case, the defendant may, if he wishes, present witnesses whom the government may cross-examine. If the defendant decides to present evidence, the government may introduce rebuttal evidence.

After all the evidence is in, the attorneys will present their closing arguments to summarize and interpret the evidence for you, and the court will instruct you on the law. After that, you will retire to deliberate on your verdict.

The trial will now begin.

## 1.03    INTRODUCTION TO FINAL INSTRUCTIONS:[3]

Members of the Jury:

In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. It is my duty to preside over the trial and to decide what evidence is proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case, for example, instructions about burden of proof and how to judge the believability of witnesses. Then I will give you some specific rules of law about this particular case, and finally I will explain to you the procedures you should follow in your deliberations.

## 1.04    DUTY TO FOLLOW INSTRUCTIONS[4]

You, as jurors, are the judges of the facts. But in determining what actually happened—that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you.

---

[3] Pattern Crim. Jury Instr. 5th Cir. 1.03 (2024).
[4] Pattern Crim. Jury Instr. 5th Cir. 1.04 (2024).

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

## 1.05    PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT[5]

The indictment or formal charge against a defendant is not evidence of guilt. Indeed, the defendant is presumed by the law to be innocent. The defendant begins with a clean slate. The law does not require a defendant to prove his innocence or produce any evidence at all [and no inference whatever may be drawn from the election of a defendant not to testify][6].

The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must acquit the defendant. While the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case.  Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in making the most important decisions of your own affairs.

---

[5] Pattern Crim. Jury Instr. 5th Cir. 1.05 (2024).
[6] Bracketed portion to be deleted if Defendant does testify.

**1.06    EVIDENCE—EXCLUDING WHAT IS NOT EVIDENCE[7]**

As I told you earlier, it is your duty to determine the facts. To do so, you must consider only the evidence presented during the trial. Evidence is the sworn testimony of the witnesses, including stipulations, and the exhibits. The questions, statements, objections, and arguments made by the lawyers are not evidence.

The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

During the trial I sustained objections to certain questions and exhibits. You must disregard those questions and exhibits entirely. Do not speculate as to what the witness would have said if permitted to answer the question or as to the contents of an exhibit. Also, certain testimony or other evidence has been ordered removed from the record and you have been instructed to disregard this evidence. Do not consider any testimony or other evidence that has been removed from your consideration in reaching your decision. Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case. Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own verdict.

---

[7] Pattern Crim. Jury Instr. 5th Cir. 1.06 (2024).

**1.08**          **EVIDENCE EXCLUDING WHAT IS NOT EVIDENCE INFERENCES – DIRECT AND CIRCUMSTANTIAL (ALTERNATIVE B)[8]**

**ALTERNATIVE B**

In considering the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

Do not be concerned about whether evidence is "direct evidence" or "circumstantial evidence." You should consider and weigh all of the evidence that was presented to you.

"Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of events and circumstances indicating that something is or is not a fact.

The law makes no distinction between the weight to be given either direct or circumstantial evidence. But the law requires that you, after weighing all of the evidence, whether direct or circumstantial, be convinced of the guilt of the defendant beyond a reasonable doubt before you can find him guilty.

**1.09**     **CREDIBILITY OF WITNESSES[9]**

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments

---

[8] Pattern Crim. Jury Instr. 5th Cir. 1.08 (2024).
[9] Pattern Crim. Jury Instr. 5th Cir. 1.09 (2024).

about the testimony of the witnesses, [including the Defendant][10], who testified in this case. You should decide whether you believe all, some part, or none of what each person had to say, and how important that testimony was. In making that decision I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? These are a few of the considerations that will help you determine the accuracy of what each witness said.

[The testimony of the Defendant should be weighed and his credibility evaluated in the same way as that of any other witness.][11]

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say. In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other. Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point. You will always bear in mind that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

---

[10] If aplicable
[11] Include only if the defendant testifies.

**1.11    IMPEACHMENT BY PRIOR INCONSISTENCIES[12]**

The testimony of a witness may be discredited by showing that the witness testified falsely, or by evidence that at some other time the witness said or did something, or failed to say or do something, which is inconsistent with the testimony the witness gave at this trial.

Earlier statements of a witness were not admitted in evidence to prove that the contents of those statements are true. You may not consider the earlier statements to prove that the content of an earlier statement is true; you may only use earlier statements to determine whether you think the earlier statements are consistent or inconsistent with the trial testimony of the witness and therefore whether they affect the credibility of that witness.

If you believe that a witness has been discredited in this manner, it is your exclusive right to give the testimony of that witness whatever weight you think it deserves.

---

[12] Pattern Crim. Jury Instr. 5th Cir. 1.11 (2024). This instruction would only be given if applicable.

**1.19    ON OR ABOUT[13]**

You will note that the indictment charges that the offense was committed on or about a specified date. The government does not have to prove that the crime was committed on that exact date, so long as the government proves beyond a reasonable doubt that the defendant committed the crime on a date reasonably near the dates stated in the  indictment.

**1.20A  VENUE – GENERALLY[14]**

In order for you to return a guilty verdict, the government must prove by a preponderance of the evidence that the offense charged was begun, continued, or completed [was committed] in the Western District of Texas. Unlike the other elements of the offense, this is a fact that the government must prove only by a preponderance of the evidence. This means the government must convince you only that it is more likely than not that the offense charged was begun, continued, or completed [was committed] in the Western District of Texas. All other elements of the offense must be proved beyond a reasonable doubt. You are instructed that San Antonio, Bexar County, Texas is located in the Western District of Texas.

**1.21    CAUTION – CONSIDER ONLY CRIME CHARGED[15]**

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crime charged. The defendant is not on trial for any act, conduct, or offense not alleged in the indictment. Neither are you called upon to return a verdict as to the guilt of any other person or persons not on trial as a defendant in this case, except as you are otherwise instructed.

---

[13] Pattern Crim. Jury Instr. 5th Cir. 1.19 (2024).
[14] Pattern Crim. Jury Instr. 5th Cir. 1.20A (2024).
[15]   Pattern Crim. Jury Instr. 5th Cir. 1.21 (2024).

**1.22   CAUTION – PUNISHMENT[16]**

If a defendant is found guilty, it will be my duty to decide what the punishment will be. You should not be concerned with punishment in any way. It should not enter your consideration or discussion.

**1.23   SINGLE DEFENDANT—MULTIPLE COUNTS[17]**

A separate crime is charged in each count of the indictment. Each count, and the evidence pertaining to it, should be considered separately. The fact that you may find the defendant guilty or not guilty as to one of the crimes charged should not control your verdict as to any other.

**1.26   DUTY TO DELIBERATE[18]**

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the indictment. Your deliberations will be secret. You will never have to explain your verdict to anyone.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. Recall, you must base your verdict solely on the evidence, testimony, and stipulations at trial and not on any outside or online material or source. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. In particular, do not let racial, ethnic, national origin, or other bias influence your decision in any way. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were

---

[16] Pattern Crim. Jury Instr. 5th Cir. 1.22 (2024).
[17] Pattern Crim. Jury Instr. 5th Cir. 1.23 (2024).
[18] Pattern Crim. Jury Instr. 5th Cir. 1.26 (2024).

wrong. But do not give up your honest beliefs as to the weight or effect of the evidence solely because the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges—judges of the facts. Your duty is to decide whether the government has proved the defendant guilty beyond a reasonable doubt.

When you go to the jury room, the first thing that you should do is select one of your number as your foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.

A verdict form has been prepared for your convenience.

 [Explain verdict form.]

The foreperson will write the unanimous answer of the jury in the space provided for each count of the indictment, either guilty or not guilty. At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the court security officer. I will either reply in writing or bring you back into the court to answer your message.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on any count of the indictment, until after you have reached a unanimous verdict.

## 1.40   MATERIALITY[19]

As used in these instructions, a representation, statement, pretense, or promise is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of the person or entity to which it is addressed. The Government can prove materiality in either of

---

[19] Pattern Crim. Jury Instr. 5th Cir. 1.40 (2024) (modified).

two ways.  First, a representation, statement, pretense, or promise is "material" if a reasonable person would attach importance to its existence or nonexistence in determining his or her choice of action in the transaction in question. Second, a statement could be material, even though only an unreasonable person would rely on it, if the person who made the statement or caused it to be made knew or had reason to know his victim was likely to rely on it.

In determining materiality, you should consider that naivety, carelessness, negligence, or stupidity of a victim does not excuse criminal conduct, if any, on the part of the defendant.

## 1.41    "KNOWINGLY" – TO ACT[20]

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

## 1.42    DELIBERATE IGNORANCE[21]

You may find that a defendant had knowledge of a fact if you find that the defendant deliberately closed his eyes to what would otherwise have been obvious to him. While knowledge on the part of the defendant cannot be established merely by demonstrating that the defendant was negligent, careless, or foolish, knowledge can be inferred if the defendant deliberately blinded himself to the existence of a fact.

## 1.44    INTERSTATE COMMERCE – DEFINED[22]

Interstate commerce means commerce or travel between one state, territory or possession of the United States and another state, territory or possession of the United States, including the District of Columbia.

## 1.45    FOREIGN COMMERCE – DEFINED[23]

---

[20] Pattern Crim. Jury Instr. 5th Cir. 1.41 (2024).
[21] Pattern Crim. Jury Instr. 5th Cir. 1.42 (2024).
[22] Pattern Crim. Jury Instr. 5th Cir. 1.44 (2024).
[23] Pattern Crim. Jury Instr. 5th Cir. 1.45 (2024).  To be given only if supported by evidence of foreign commerce.

Foreign commerce means commerce or travel between any part of the United States, including its territorial waters, and any other country, including its territorial waters.

**1.46   COMMERCE – DEFINED**[24]

Commerce includes travel, trade, transportation, and communication.

**1.47   "AFFECTING COMMERCE" – DEFINED**[25]

"Affecting commerce" means that there is any effect at all on interstate or foreign commerce, however minimal.

**1.50   SUMMARIES AND CHARTS NOT RECEIVED IN EVIDENCE**[26]

Certain charts and summaries have been shown to you solely as an aid to help explain the facts disclosed by evidence (testimony, books, records, and other documents) in the case. These charts and summaries are not admitted evidence or proof of any facts. You should determine the facts from the evidence that is admitted.

**1.51   SUMMARIES AND CHARTS RECEIVED IN EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 1006**[27]

Certain charts and summaries have been received into evidence. You should give them only such weight as you think they deserve

**<u>REQUESTED INSTRUCTION NUMBER 1</u>**[28]

**COUNTS 1-5—Wire Fraud**

Title 18, United States Code, Section 1343, makes it a crime for anyone to use interstate wire communications in carrying out a scheme to defraud.

---

[24] Pattern Crim. Jury Instr. 5th Cir. 1.46 (2024).
[25] Pattern Crim. Jury Instr. 5th Cir. 1.47 (2024).
[26] Pattern Crim. Jury Instr. 5th Cir. 1.50 (2024).  This instruction would only be given if applicable.
[27] Pattern Crim. Jury Instr. 5th Cir. 1.51 (2024).
[28] Pattern Crim. Jury Instr. 5th Cir. 2.57 (Wire Fraud)

Title 18, United States Code, Section 1343, makes it a crime for anyone to use interstate or foreign wire communications in carrying out a scheme to defraud.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*:   That the defendant knowingly devised or intended to devise any scheme to defraud as set forth in the "Manner and Means" portion of the superseding indictment.

*Second*:        That the scheme to defraud employed false material representations, false material pretenses, or false material promises.

*Third*:        That the defendant transmitted or caused to be transmitted by way of wire communications, in interstate or foreign commerce, any writing, sign, signal, picture, or sound for the purpose of executing such scheme; and

*Fourth*:        That the defendant acted with a specific intent to defraud.

A "scheme to defraud" means any plan, pattern, or course of action intended to deprive another of money or property or bring about some financial gain to the person engaged in the scheme.

A "specific intent to defraud" means a conscious, knowing intent to deceive or cheat someone.

A representation, pretense, or promise is "false" if it is known to be untrue or is made with reckless indifference as to its truth or falsity. A representation, pretense, or promise would also be "false" if it constitutes a half truth, or effectively omits or conceals a material fact, provided it is made with the intent to defraud.

A representation, pretense, or promise is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of the person or entity to which it is addressed.

It is not necessary that the government prove all of the details alleged in the superseding indictment concerning the precise nature and purpose of the scheme. What must be proved beyond a reasonable doubt is that the defendant knowingly devised or intended to devise a scheme to defraud by means of false or fraudulent pretenses, representations, or promises that was substantially the same as the one alleged in the superseding indictment.

It is also not necessary that the government prove that the material transmitted by wire communications was itself false or fraudulent, or that the use of the interstate or foreign wire communications facilities was intended as the specific or exclusive means of accomplishing the alleged fraud. What must be proved beyond a reasonable doubt is that the use of the interstate or foreign wire communications facilities was closely related to the scheme because the defendant either wired something or caused it to be wired in interstate or foreign commerce in an attempt to execute or carry out the scheme.

The alleged scheme need not actually succeed in defrauding anyone.

To "cause" interstate or foreign wire communications facilities to be used is to do an act with knowledge that the use of the wire communications facilities will follow in the ordinary course of business or where such use can reasonably be foreseen.

Respectfully submitted,

JUSTIN R. SIMMONS
UNITED STATES ATTORNEY


WILLIAM R. HARRIS
ASSISTANT UNITED STATES ATTORNEY
Ohio Bar No. 0017818

ALICIA LOVETT McNAB
ASSISTANT UNITED STATES ATTORNEY
601 N.W Loop 410, Suite 600

18

San Antonio, Texas 78216-5597
(210) 384-7025

CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of February 2026, a true and correct copy of the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF System which will transmit notification of such filing to the following CM/ECF participant:

H. Jay Hulings, Esquire
719 S. Flores Street
San Antonio, Texas 78204
jhulings@dslawpc.com

WILLIAM R. HARRIS
Assistant United States Attorney