**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v** | |
| **(1) ROBERT JEFFREY MUELLER** | **CRIMINAL NO. SA 24 CR 563 XR** |

GOVERNMENT'S MOTION FOR *LAFLER/FRYE* HEARING

Pursuant to Supreme Court guidance in *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), and *Missouri v. Frye*, 132 S. Ct. 1399 (2012), the United States of America, by and through its undersigned counsel, hereby files its Motion for a *Lafler/Fry*e Hearing.

**BACKGROUND**

Defendant is charged by superseding indictment returned on March 18, 2026, with 5 counts of wire fraud in violation of Title 18, United States Code, Section 1343.

Defense counsel, without any request from Defendant that he do so, and the United States conducted a series of discussions about a potential plea agreement in which the United States verbally conveyed the parameters of a plea offer, to include such items as applicable Sentencing Guideline enhancement and reductions and allowances for allocution and sentencing requests. Defense counsel subsequently relayed to the United States that Defendant had chosen to reject the oral offer, so no written plea agreement was presented. The Court's deadline for notifying it of a plea agreement was Friday, March 20, 2026.

Trial is set for April 13, 2026. The United States would like the Court to conduct a *Lafler/Frye* hearing for the Defendant and suggests that the Court do so at the currently-scheduled April 6, 2026, motions hearing.

## ARGUMENT

The United States's request for a hearing is predicated upon the Supreme Court's decisions in *Frye* and *Lafler*. Taken together, the Supreme Court's decisions highlight the need for prophylactic measures in advance of trial to ensure that defendants have been fully advised of the terms of the Government's plea offer; that defendants understand the offer; that defendants have had a sufficient opportunity to review the offer with his/her counsel; and that defendants understand the risks associated with rejecting the offer. In *Frye*, the defendant alleged his counsel was deficient because his counsel failed to notify the defendant of the government's misdemeanor plea offer and defendant later pled guilty to a felony and was sentenced to a longer prison term than what had been offered under the misdemeanor plea offer. The Court held that "as a general rule, defense counsel has the duty to communicate formal prosecution offers to accept a plea on terms and conditions that may be favorable to the accused." *Frye*, 132 S. Ct. 1399, 1408. In *Lafler*, which was decided the same day as *Frye*, the Court opined on the situation where defense counsel gave incorrect legal advice as to the consequences of a guilty plea. The Supreme Court held that a defendant in this situation may maintain an ineffective assistance of counsel claim upon showing that counsel provided incorrect legal advice, and that absent the incorrect advice the following would have occurred: (1) there is a reasonable probability that defendant would have accepted the plea; (2) the plea would have been presented to the trial court; (3) the trial court would have accepted the plea; and (4) that the conviction, sentence, or both under the plea offer's terms would have been less severe than the actual judgment imposed. *Lafler*, 132 S. Ct. 1376, 1385.

The *Frye* Court suggested certain protective measures that the Government may undertake to ensure that defendants have been fully advised of the plea offers, have had an opportunity to discuss the offers with counsel, and understand the consequences of accepting or rejecting the

offers.  Specifically, the Court counseled that "formal offers can be made part of the record at any subsequent plea proceeding or before a trial on the merits, all to ensure that a defendant has been fully advised before those proceedings commence." *Frye*, 132 S. Ct. at 1408-1409.  Through this request, the United States is not seeking to inquire or to have the Court inquire into the attorney-client communications between defendant and his counsel.  Nor is the United States suggesting that defense counsel has acted outside the norms of counsel's professional responsibilities. Furthermore, the United States does not make its Motion to involve the Court improperly in plea negotiations.  Rather, the United States makes the instant Motion to ensure in open Court, and on the record, that Defendant fully understands the United States's plea offer and the consequences of rejecting that offer. Finally, the Government's Motion comports with current Supreme Court authority recommending the requested relief.

## CONCLUSION

WHEREFORE, the United States respectfully requests a hearing at the Court's currently-scheduled April 6, 2026, motions hearing to place the United States's offer on the record in open Court to ensure that the Defendant has been fully advised of the terms of the offer and the consequences of rejecting that offer before further proceedings on this matter and well in advance of trial.

Respectfully Submitted,

JUSTIN R. SIMMONS
UNITED STATES ATTORNEY

By: _____

WILLIAM R. HARRIS
Assistant United States Attorney
Ohio State Bar No. 0017818
601 N.W. Loop 410, Suite 600
San Antonio, Texas 78216-5597

3

(210) 384-7100

ALICIA LOVETT McNAB
ASSISTANT UNITED STATES ATTORNEY
601 N.W Loop 410, Suite 600
San Antonio, Texas 78216-5597
(210) 384-7025

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 27th day of March 2026, a true and correct copy of the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF System which will transmit notification of such filing to the following CM/ECF participant:

H. Jay Hulings, Esquire
719 S. Flores Street
San Antonio, Texas 78204
jhulings@dslawpc.com

WILLIAM R. HARRIS
Assistant United States Attorney

4

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v** | |
| **(1) ROBERT JEFFREY MUELLER** | **CRIMINAL NO. SA 24 CR 563 XR** |

**ORDER**

On this day, the Court considered the Government's Unopposed Motion for a *Lafler/Frye* Hearing.  Upon review of the Government's Motion and authorities cited therein, the Court is of the opinion that the Government's Unopposed Motion for a *Lafler/Frye* Hearing should be GRANTED.

The Court sets a hearing for the Defendant for 10:30 a.m. on April 6, 2026.

IT IS SO ORDERED.

_____
HONORABLE XAVIER RODRIGUEZ
United States District Judge

5