**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **Plaintiff** | |
| **v.** | **Case No.: 5:24-CR-00563-XR** |
| **ROBERT JEFFREY MUELLER** | |
| **Defendant** | |

## DEFENDANT'S MOTION FOR BILL OF PARTICULARS

TO THE HONORABLE COURT:

Defendant Robert Jeffrey Mueller ("**Mr. Mueller**" or the "**Defense**") files this Motion for Bill of Particulars (the "**Motion**") and in support would respectfully show:

### I.    INTRODUCTION

The Government filed a Superseding Indictment on March 19, 2026, less than a month before trial and a little more than a week before the deadline to file Motions in Limine. *See* ECF Nos. 31, 39. That Superseding Indictment replaced several of the alleged misrepresentations and omissions in the original Indictment with a new, broadly worded catch-all allegation that Mr. Mueller falsely represented the "financial condition" of the Deeproot companies. ECF Nos. 39.[1]

In his Opposed Motion to Continue Trial Setting (the "**Motion to Continue**"), Mr. Mueller noted that "financial condition" could include almost any aspect of Deeproot and thus significantly expanded the scope of the trial. *See* ECF No. 48. In a letter sent the next day, counsel for the Government effectively confirmed that the term "financial condition" did expand the

---

[1] Mr. Mueller founded and managed the Deeproot family of companies, which included Policy Services, Inc., deeproot Grown Runs Deep Fund, LLC (the "**dGRD Fund**"), and deeproot 575 Fund, LLC (the "**575 Fund**," and collectively with the dGRD Fund and other related companies, "**Deeproot**").

Government's case. *See* ECF No. 51, Ex. A. Yet it remains unclear whether that is the only expansion of the Goverrmment's allegations that the Government will attempt to smuggle in through the term "financial condition."

To ensure proper notice of the claims against him, Mr. Mueller asks the Court to direct the Government to file a bill of particulars identifying the scope of the claims against Mr. Mueller, including which aspects of Deeproot's "financial condition" the Government alleges that Mr. Mueller misrepresented.

## II.    ARGUMENT AND AUTHORITIES

Federal Rule of Criminal Procedure 7 requires an indictment to be a "plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). The Rule also permits the Court to direct the Government to file a bill of particulars. *See* Fed. R. Crim. P. 7(f). The purpose of a bill of particulars is to inform a defendant "of the charges against him with enough detail to allow him to prepare a defense." *United States v. Davis*, 53 F.4th 833, 845 (5th Cir. 2022) (internal quotation marks omitted). A bill of particulars may be granted if necessary to "obviate surprise at trial, enable the defendant to prepare his defense with full knowledge of the charges against him, and to enable double jeopardy to be pled in case in a subsequent prosecution." *United States v. Mackey*, 551 F.3d 967, 970 (5th Cir. 1997). Cases— like this one—involving "loose concepts" are the types of cases that provide a "stronger case for a bill of particulars." *United States v. Garibald-Barron*, No. EP-12-CR-1406-KC, 2013 WL 427389, at *4 (W.D. Tex. Feb. 4, 2013) (granting bill of particulars, in part, due to double jeopardy concerns).

Here, the Superseding Indictment was filed at the 11th hour. It includes a new allegation that Mr. Mueller "falsely represented and caused others to represent to Victim Investors the *financial condition* of the deeproot family of companies to Victim Investors." ECF No. 39 ¶ 14

(emphasis added). As detailed in the Motion to Continue, the term "financial condition" could encompass almost any aspect of the Deeproot companies, including without limitation asset allocation strategies, capital acquisition expenditures, research and development costs, employee payroll, equipment depreciation, revenue recognition methods, and internal transfers between Deeproot entities. *See* ECF No. 48. The "financial conditions" of the Deeproot companies also varied significantly over the two-plus years alleged in the Superseding Indictment, and the Government does not identify which time period is relevant. *See* ECF No. 39. The Government has now confirmed that the term "financial condition" expanded the scope of the prosecution to include allegations that Mr. Mueller falsely represented that he received payments from Deeproot, an allegation the Government likely could not pursue under the original Indictment. ECF Nos. 1, 51, Ex. A.

This last-minute rewrite of the Government's pleading has already resulted in surprise and has radically shortened the time for Mr. Mueller to prepare a defense. But the Government's letter did not represent that allegations regarding payments to Mr. Mueller would be the ***only*** addition to the Government's claims. *See id.* The Government is thus apparently reserving the right to re-write its allegations again—and presumably produce additional discovery—as it reviews evidence in preparation for trial.

Mr. Mueller is not asking for a detailed accounting of the Government's evidence and arguments. But he has a right to know what the Government alleges he did to violate the law. He also has a right to adequate notice so that he can prepare a defense to those allegations. Permitting the Government to improvise a complex criminal fraud case in the weeks leading up to trial is not consistent with the protection of those rights. A Bill of Particulars would help reduce the prejudice

to Mr. Mueller from these last-minute changes by defining what, specifically, the Government claims is the basis of this case.

### III.    CONCLUSION

For the foregoing reasons, Mr. Mueller respectfully requests the Court order the Government to file a Bill of Particulars identifying which "financial condition" of Deeproot it alleges Mr. Mueller falsely represented.

DATED: March 27, 2026.

Respectfully submitted,

**DAVIS & SANTOS, PLLC**

By:  */s/ H. Jay Hulings*
Jason M. Davis
State Bar No. 00793592
Email: jdavis@dslawpc.com
H. Jay Hulings
State Bar No. 24104573
E-mail: jhulings@dslawpc.com
719 S. Flores Street
San Antonio, Texas 78204
Tel: (210) 853-5882
Fax: (210) 200-8395

***Attorneys for Defendant***
***Robert Jeffrey Mueller***

## **<u>CERTIFICATE OF SERVICE</u>**

I certify that on March 27, 2026, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system and all counsel of record will receive an electronic copy via the Court's CM/ECF system.

*/s/ H. Jay Hulings*
H. Jay Hulings