# Exhibit E



**United States Department of Justice**

United States Attorney's Office
Western District of Texas

---

*William R. Harris*
*Assistant United States Attorney*

*601 NW Loop 410 Suite 600*
*San Antonio, Texas 78216-5512*
*White Collar Crime Unit*

*(210) 384-7025 Office*
*(210) 384-7134 Direct*
*FAX: 384-7028*
*Bill.Harris@usdoj.gov*

June 6, 2025

***VIA EMAIL ONLY***

H. Jay Hulings, Esquire
Davis/Santos

> Re:    United States v. Robert Jeffrey Mueller
>         Criminal No. SA 24 CR 563 XR

Dear Mr. Hulings:

This letter is in response to yours dated May 5, 2025.

Preliminarily, I note that the investigation culminating in the instant prosecution is separate and apart from that of the Securities and Exchange Commission's investigation culminating in the SEC's action against Mr. Mueller, *et al*., in Civil No. SA 21 CV 785 XR, that is to say this was not a joint, parallel, or coordinated investigation. As such, the SEC is not part of the prosecution "team" in the instant criminal prosecution. *See, e.g., United States v. Baker*, 2014 WL 722097 (WDTX February 21, 2014), ultimately affd., 912 F.3d 297 (5th Cir. 2019) ("For purposes of Rule 16 discovery, the Government's obligation to provide Brady and Jencks material only extends to members of the 'prosecution team,' those investigative and prosecutorial personnel closely related to the case. *See United States v. Antone*, 603 F.2d 566, 569-70 (5th. Cir. 1979) (finding state investigators part of federal prosecution team where investigators pooled energies, served as witnesses in the federal prosecution, and effectively 'functioned as agents of the federal government'). The Government denies the SEC was involved in a joint investigation in this case. While the SEC provided some material to the Government-which the Government, in turn, has provided to Defendants-the SEC's investigation pre-dated and was independent from the Government's investigation, and there was no overlap of personnel or direction.")

Notwithstanding the preceding paragraph, I made inquiry of the SEC and was informed that while certain of the "finders" for deeproot were investigated by the SEC, no actions were brought other than Civil No. SA 21 CV 785 XR. Similarly, no criminal prosecutions have been brought.

In addition to the SEC depositions and related exhibits and other discovery previously provided to you in discovery in the instant case, the United States is providing documents that finder Darryl Stein provided to the SEC and the NCIC printout of the criminal history for Tom Andrew.

Turning to the latter, I direct your attention to page 5/5 which shows an arrest dated January 5, 1988, by the U.S. Drug Enforcement Administration for conspiracy to distribute cocaine and a disposition dated July 1, 1988, of "prison 6 months plea bargain". It is my experience that any records possessed by the United States would have been destroyed decades ago. In connection with this issue, I direct you to Rule 609(b) of the Federal Rules of Evidence.

The United States will only be presenting fact witnesses, to include a Rule 1006 summary witness. We do not anticipate the need for any expert testimony.

Finally, we acknowledge that our discovery obligations under Brady, Giglio, the Jencks Act, and Rule 16 are on-going, and we will continue to provide any such information should we come across it.

Very truly yours,

JUSTIN R. SIMMONS
UNITED STATES ATTORNEY

*William R. Harris*

WILLIAM R. HARRIS
ASSISTANT UNITED STATES ATTORNEY

2