**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>**Plaintiff**<br><br>v.<br><br>**ROBERT JEFFREY MUELLER**<br><br>**Defendant** | **Case No.: 5:24-CR-00563-XR** |

**DEFENDANT'S RESPONSE TO GOVERNMENT OMNIBUS MOTION *IN LIMINE***

TO THE HONORABLE COURT:

Defendant Robert Jeffrey Mueller ("**Mr. Mueller**" or "**Defendant**") files this Reply Regarding Motion *in Limine*, and in support would respectfully show:

Mr. Mueller is unopposed to nearly all of the subparts in the Government's Omnibus Motion *in Limine* (ECF No. 53, the "**Government's MIL**"). Specifically, Mr. Mueller does not intend to introduce any evidence or argument addressed by Subparts a through f, h, and i. However, Subpart g requires brief clarification.

In Subpart g, the Government asks the Court to prevent Mr. Mueller from eliciting testimony regarding Mr. Mueller's out-of-court statements if those statements are offered for the truth of the matter asserted, which the Government claims would be hearsay. *See* Government's MIL at 3-4. The Government does not specify which statements it seeks to exclude or the purposes for which Mr. Mueller would introduce such statements. Thus, this part of the Government's MIL amounts to little more than a request that the Court follow the Rules of Evidence.

But to avoid any confusion and to clarify the scope of the hearsay rule, Mr. Mueller notes that his out-of-court statements may be admissible as non-hearsay or an exception to the hearsay

if offered for something other than the truth of the matter asserted, including as evidence of Mr. Mueller's state of mind. *See* Fed. R. Evid. 801(c), 803(3); *United States v. Parry*, 649 F.2d 292, 295 (5th Cir. 1981) ("[W]henever an out of court statement is offered for some purpose other than to prove the truth of the matter asserted," the rule against hearsay does not apply because "the value of the statement does not rest upon the declarant's credibility.").

Notably, out-of-court statements by Mr. Mueller and his counsel for purposes of proving an advice of counsel defense would not be hearsay, as such statements would not be offered for the truth of the statements (e.g., that the legal advice was accurate) but to show Mr. Mueller's state of mind. *See United States v. Scully*, 877 F.3d 464, 474 (2d Cir. 2017) (holding that exclusion of testimony regarding advice of counsel defense was error, vacating judgment, and holding that "[the defendant's] proposed testimony [regarding legal advice and his state of mind] does not fall within a hearsay exception; it is, by definition, not hearsay at all"); *United States v. Wellendorf*, 574 F.2d 1289, 1290 (5th Cir. 1978) (holding that exclusion of evidence regarding advice received by defendant regarding tax issues was error, as the evidence was offered to show the defendant's state of mind and was non-hearsay); *Innovention Toys, LLC v. MGA Entm't, Inc.*, No. CIV.A. 07-6510, 2012 WL 5398476, at *2 (E.D. La. Nov. 4, 2012) (holding that out-of-court statements by defendant and counsel regarding the advice of counsel were not hearsay).

With these clarifications, Mr. Mueller agrees with the Government that the Court should apply the hearsay rule in accordance with the Rules of Evidence and applicable case law.

DATED: April 23, 2026.

Respectfully submitted,

**DAVIS & SANTOS, PLLC**

By: */s/ H. Jay Hulings*
Jason M. Davis
State Bar No. 00793592
Email: jdavis@dslawpc.com
H. Jay Hulings
State Bar No. 24104573
E-mail: jhulings@dslawpc.com
719 S. Flores Street
San Antonio, Texas 78204
Tel: (210) 853-5882
Fax: (210) 200-8395

***Attorneys for Defendant***
***Robert Jeffrey Mueller***

## CERTIFICATE OF SERVICE

I certify that on April 23, 2026, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system and all counsel of record will receive an electronic copy via the Court's CM/ECF system.

*/s/ H. Jay Hulings*
H. Jay Hulings