**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v<br><br>**(1) ROBERT JEFFREY MUELLER** | **CRIMINAL NO. SA 24 CR 563 XR** |

GOVERNMENT'S BILL OF PARTICULARS

Pursuant to Federal Rule of Criminal Procedure 7 and this Court's Order (Document 69) granting Defendant's Motion for a Bill of Particulars (Document 60), the United States hereby files this Bill of Particulars so that Defendant may prepare his defense.

As noted, the Superseding, and now Second Superseding Indictment allege that Defendant "falsely represented and caused others to represent to Victim Investors the financial condition of the deeproot family of companies to Victim Investors." (Document 70, ¶ 14.)  The United States intends to prove that Defendant[1]:

(1)    directed employees to tell investors deeproot[2] was "debt free" when in fact it owed PPP loans; (2) falsely represented that "the simple majority of our Fund Assets" would be used to invest primarily in "Life Policies"; (3) falsely represented that income to investors would come from fund revenues when payments came from later investors and other non-revenue sources; (4) falsely claimed that there were substantial cash reserves; (5) falsely claimed that the Funds had no debt or leveraging of assets; (6) falsely

---

[1] It should be noted that in filing this Bill of Particulars the United States is not raising its burden of proof.  The United States is not required to prove each of these 15 items in order to obtain a conviction.  Any one is sufficient to establish fraud.

[2] As before, the United States is using "deeproot" collectively to include the related "deeproot family of companies", *e.g.*, Policy Services *et al.*

claimed that pinball had launched or generated $1 million in revenues; (7) falsely claimed that payments to investors would and did come from policy maturities and related-company revenues; (8) omitted that no life settlements were purchased after May 17, 2017; (9) omitted that a significant portion of new investor funds was used to repay earlier investors; (10) omitted that deeproot and its related companies experienced substantial cash flow shortages; (11) omitted that deeproot had taken a $1,080,000 loan using the Basha policy as collateral; (12) omitted that deeproot had to surrender ownership of the Basha policy to the seller; (13) omitted that investor funds funded the majority of all deeproot operations; (14) omitted that deeproot had taken various PPP loans, and additionally, the PPP loan charged in the Second Superseding Indictment specifically was used to pay prior investors amounts they were owed; (15) that Defendant diverted investor funds to his personal use beyond his stated salary; (16) and omitted that the September 2020 launch of Pinball was a failure.

The United States believes the foregoing is sufficient to prove the charged offenses beyond a reasonable doubt.  Should additional material misrepresentations or omissions come to light during the course of trial preparation, the undersigned will promptly notify Defendant and the Court.

Respectfully submitted,

JUSTIN R. SIMMONS
UNITED STATES ATTORNEY


WILLIAM R. HARRIS
ASSISTANT UNITED STATES ATTORNEY
Ohio Bar No. 0017818

2

ALICIA LOVETT McNAB
ASSISTANT UNITED STATES ATTORNEY
601 N.W Loop 410, Suite 600
San Antonio, Texas 78216-5597
(210) 384-7025

CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of June 2026, a true and correct copy of the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF System which will transmit notification of such filing to the following CM/ECF participant:

H. Jay Hulings, Esquire
719 S. Flores Street
San Antonio, Texas 78204
jhulings@dslawpc.com

WILLIAM R. HARRIS
Assistant United States Attorney

3