**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**UNITED STATES OF AMERICA**

**v**

**(1) ROBERT JEFFREY MUELLER**

**CRIMINAL NO. SA 24 CR 563 XR**

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S**
**MOTION TO DISMISS COUNT SIX AND MOTION TO CONTINUE**

TO THE HONORABLE COURT:

Plaintiff the United States of America (hereinafter "Government") files this response in opposition to Defendant Robert Jeffrey Mueller's Motion to Dismiss and, in the alternative, Motion to Continue.

### I.    RESPONSE TO MOTION TO DISMISS

#### a.  Sufficiency of the indictment

Federal Rule of Criminal Procedure 12 allows pre-trial motions in a criminal case. Specifically, 12(b)(1) allows a party to "raise by pretrial motion any defense, objection, or request that the court can determine *without* a trial on the merits." FED. R. CRIM. P. 12(b)(1) (emphasis added). A party's defense is 'capable of determination' if the facts surrounding the commission of the alleged offense would be of no aid when resolving the motion to dismiss. *United States v. Burger*, 170 F.4th 395, 403 (5th Cir. 2025) (citing *United States v. Covington*, 395 U.S. 57, 60 (1969)). As such, a motion to dismiss must attack a question of law rather than focusing on determinations of fact. *United States v. Flores*, 404 F.3d 320, 324 (5th Cir. 2005) (first quoting

1

*United States v. Korn*, 557 F.2d 1089, 1090 (5th Cir. 1977); and then quoting *United States v. Miller*, 491 F.2d 638, 647 (5th Cir. 1974)).

The Court may not grant a motion to dismiss because the allegations are "not supported by adequate evidence . . . ." *Burger*, 170 F.4th at 403 (quoting *United States v. Mann*, 517 F.2d 259, 267 (5th Cir. 1975); and then citing *Costello v. United States*, 350 U.S. 359, 363 (1956)). Thus, for a motion to dismiss to be within the constraints of Federal Rule of Criminal Procedure 12(b)(1), the Defendant must sufficiently demonstrate how the Government misapplied the law. *See Burger*, 170 F.4th at 403 (explaining whether the defendant's statements were true threats is a fact issue "[a]nd there is not authority under Rule 12 . . . to dismiss on the basis of a sufficiency-of-the-evidence defense which raises factual questions embraced in the general issue.") (citations omitted). Importantly, a defendant cannot frame the facts as "undisputed" in an attempt of claiming an indictment is legally insufficient. *See United States v. USPlabs, LLC*, 338 F.Supp.3d 547, 585 (N.D. Tex. 2018) (denying in part defendant's motion to dismiss because despite defendant framing the facts as undisputed, this did not change the analysis that the defendant's challenges were "fact based and should be reserved for the jury.").

Furthermore, the Fifth Circuit places constraints on what evidence is relevant in determining whether an indictment is legally sufficient. *See Mann*, 517 F.2d at 267 (explaining evidence that is outside the indictment is "irrelevant to a determination of whether the indictment itself is legally sufficient."). Thus, only the four corners of the indictment need to "contain the elements of the offense charged and fairly inform a defendant of the charge against which he must defend and enable him to plead an acquittal or conviction in bar of future prosecution for the same offense." *United States v. Kay*, 359 F.3d 738, 742 (5th Cir. 2004) (quoting *United States v. Ramirez*,

233 F.3d 318, 323 (5th Cir. 2000)) (alterations omitted); *Russell v. United States*, 369 U.S. 749, 763–64 (1962).

At the motion to dismiss stage, the court shall take the allegations in the indictment as true. *United States v. Hogue*, 132 F.3d 1087, 1089 (5th Cir. 1998) (citing *United States v. Cadillac Overall Supply Co.*, 582 F.2d 1078, 1082 (5th Cir. 1998), *cert. denied*, 437 U.S. 903 (1978)). Thus, if an indictment is "returned by a legally constituted and unbiased grand jury," and the court finds it is valid on its face, the motion to dismiss must be denied, as it is "enough to call for trial on the charge on the merits." *Mann*, 517 F.2d at 267 (citing *Costello*, 350 U.S. at 363).

### i.    *The Defendant relies on facts outside of the indictment.*

The Defendant's use of evidence outside the four corners of the indictment is irrelevant "to a determination of whether the indictment itself is legally sufficient," and should be ignored. *Mann*, 517 F.2d at 267. Here, the Defendant relies on several facts that are not in the indictment and may not be considered for legal sufficiency of the indictment. *See* ECF 77 at 5 ¶ 2, (attempting to infer that the issue is one of commingling rather than how the funds were spent), 9 ¶ 2–10 ¶ 2 (attempting to trace "comingled funds," providing a number of dollar figures not included in the indictment).

As this Court needs only to examine the indictment for legal sufficiency, the Government has met its burden. The Government has put forth an indictment that contains the elements of bank fraud and fairly informed the Defendant of the charge against what he must defend. *Kay*, 359 F.3d at 742 (quoting *Ramirez*, 233 F.3d at 323); *Russell*, 369 U.S. 763–64. Taking the facts in the indictment as true, demonstrates that Defendant applied for a loan, promising to use the funds on payroll, mortgage/rent, or other approved expenses, but instead, Defendant used the majority for unapproved items, namely, paying previous investors. *Hogue*, 132 F.3d at 1089 (citing *Cadillac Overall Supply Co.*, 582 F.2d at 1082. Furthermore, the Second Superseding indictment was

3

"returned by a legally constituted and unbiased grand jury" on June 3, 2026. *Mann*, 517 F.2d at 267 (citing *Costello*, 350 U.S. at 363). Ultimately, because the indictment is valid on its face, and the Defendant has failed to rely on facts within the indictment when attacking sufficiency, the Motion should be denied. *Id.*

The United States respectfully requests this Court denies the Defendant's Motion to Dismiss as the Defendant has attacked the indictment sufficiency through attacking the sufficiency of the facts—an improper defense.

### ii.      *Contrary to Defendant's assertions, the facts are in dispute.*

Defendant contends on three occasions that the facts concerning Count Six are not in dispute. *See* ECF 77 at 5 ¶ 2, 9 ¶ 2, 11 ¶ 1. The United States affirmatively rejects this. To be clear, the facts are in dispute. The following facts which are in dispute are: Defendant misrepresented to the lender bank that he would use the majority of the loan proceeds on approved expenses— payroll, mortgage/rent, and other approved expenses. However, Defendant used the majority of the loan funds to pay previous investors.

The clear disagreement surrounding the facts is why the Defendant's motion should be denied. These factual disputes are not governed by Federal Rule of Criminal Procedure 12(b)(1), these factual disputes are meant for the jury to decide. Moreover, the Defendant's attempt to claim the facts are not disputed is an attempt to reframe a fact issue into an argument claiming the indictment is legally insufficient. Simply stating the facts are not disputed is not grounds for an indictment to be dismissed, rather it is the Defendant's attempt at a work around the procedure rules, which ensures the jury remains the fact-finder. *See USPlabs, LLC*, 338 F.Supp.3d at 585.

Even more so, the facts in the indictment must be taken as true for the purposes of the Motion to Dismiss. During trial the Defendant will have the opportunity to dispute the facts—a

Motion to Dismiss is not the proper vehicle to attack facts. As such, the Defendant's motion should be denied as it is premised on attacking sufficiency of facts. *See Burger*, 170 F.4th at 403 ("[T]here is not authority under Rule 12 . . . to dismiss on the basis of a sufficiency-of-the evidence defense which raises factual questions embraced in the general issue.").

### B. Defendant's application of *Thrush* is irrelevant for a motion to dismiss and does not apply to the case at hand.

The Defendant's application of *United States v. Thrush*, 738 F.Supp.3d 902 (E.D. Mich. 2024), to the present indictment is flawed. First, the procedural posture of *Thrush* as cited by Defendant, concerns proposed jury instructions, not a motion to dismiss for insufficiency of indictment or even insufficient facts after conviction. The analysis in the non-binding opinion concerns appropriate jury instructions for the theory of wire fraud, a wholly separate charge from the charge here. Second, Defendant interprets the Government's allegations incorrectly. In *Thrush*, the issue concerned whether PPP-borrowers could commingle PPP loan funds with other cash funds in the borrower's business. *Id.* at 905. The Court in the Eastern District of Michigan concluded "PPP-loan funds were fungible and could be comingled with a borrower's other funds to pay PPP-approved expenses." *Id.* at 905. That is not at issue here.

#### i. The Defendant misstates the facts to fit an irrelevant legal theory.

Defendant's application of *Thrush* is irrelevant because the facts here are distinct. The Defendant states that the PPP-loan for $759,917 was deposited "in Deeproot Tech's checking account on April 12, 2021." ECF 77 at 9 ¶ 2.; Def. Ex. A. This statement is correct. The Defendant then explains the PPP-loan funds were commingled with "with approximately $47,778.87 in funds from other sources, including a preexisting balance and funds transferred to that account on the same day." ECF 77 at 9 ¶ 2; Def. Ex. B at 3. Although this figure is not in the indictment and irrelevant to the question of indictment's sufficiency, the Government contests that figure. The

balance of the Deeproot Tech account on April 12, 2021, was $2,048.38, not $47,778.87. The $47,778.87 entered the Deeproot Tech account later that day. $43,000 of those funds came from investors in Deeproot Funds, an entirely separate corporate entity, commingling with the Deeproot Tech loan funds.[1]

The Defendant then continues to misstate, "[t]he following day, $277,269.52 was transferred to a different Deeproot bank account, where it was commingled with $494,753.76 from other sources." ECF 77 at 9–10. But in fact, the $277,269.52 was not transferred to a different bank account, the amount was transferred to a *different entity's* bank account—Deeproot Funds, LLC. *See* Def. Ex. C. Deeproot Funds, LLC was not listed on the application for the loan, and no documentation was provided concerning its payroll, expenses, or lost profits. At all times, Deeproot Tech, LLC, not Deeproot Funds, LLC, was the applicant and recipient of the PPP loans.

---

[1] The remaining amount of the $47,778.87 was a transfer from Deeproot Studios, LLC, yet another separate entity.

**Questions?**

*Available by phone 24 hours a day, 7 days a week:*
**1-800-CALL-WELLS** (1-800-225-5935)

*Online:* wellsfargo.com

*Write:* Wells Fargo Bank, N.A. (308)
P.O. Box 6995
Portland, OR  97228-6995

DPRT FUNDS LLC
12621 SILICON DR
SAN ANTONIO TX 78249-3447

## Account summary

### Analyzed Business Checking

| Account number | Beginning balance | Total credits | Total debits | Ending balance |
|---|---|---|---|---|
| 9688682385 | $372,915.12 | $2,122,554.73 | -$2,371,987.84 | $123,482.01 |

### Credits

**Deposits**

| Effective date | Posted date | Amount | Transaction detail |
|---|---|---|---|
| | 03/17 | 20,809.74 | Mobile Deposit : Ref Number :112170015343 |
| | | **$20,809.74** | **Total deposits** |

**Electronic deposits/bank credits**

| Effective date | Posted date | Amount | Transaction detail |
|---|---|---|---|
| | 03/19 | 279,138.20 | WT Seq166566 Golden Hands /Org= Srf# 0068404077093664 Trn#210319166566 Rfb# |
| | 03/25 | 250,000.00 | WT Fed#05169 Td Bank, NA /Org=Matthew Macvane Srf# 210325143332Xi01 Trn#210325157732 Rfb# Tkoy-Bzfnj5 |
| | 04/02 | 189,555.07 | WT Fed#00173 Community National /Org=Cnb FBO Mark Zabinski IRA Srf# 040221 Sbl000173 Trn#210402084382 Rfb# Purchase |
| | 04/06 | 499,332.20 | WT Fed#00112 Community National /Org=Cnb FBO Janice M Arbogast IRA Srf# 040621 Sbl000112 Trn#210406085214 Rfb# Purchase |
| | 04/08 | 450,000.00 | Deposit Made In A Branch/Store |
| | 04/12 | 150,000.00 | WT Fed#04100 Bank of America, N /Org=Charles E Walker Srf# 2021041200458251 Trn#210412167754 Rfb# Pqwytx8Fk |
| | 04/13 | 277,269.52 | Online Transfer From Deeproot Tech, LLC Ref #Ib0B6Mpt5R Business Checking Payroll Onpay Required By Wire Plus Other |
| | 04/14 | 6,450.00 | WT Seq159807 WF Return Wires IN Proc /Org= Srf# 2021041300144871 Trn#210414159807 Rfb# |
| | | **$2,101,744.99** | **Total electronic deposits/bank credits** |
| | | **$2,122,554.73** | **Total credits** |

Looking at Defendant's Exhibit C, the exhibit depicts Deeproot Funds, LLC's bank account summary. Deeproot Funds, LLC is a distinct entity from Deeproot Tech, LLC, not simply a different "bank account" as Defendants states. ECF 77 at 9 ¶ 2. The transaction on April 13, 2021, is distinct from any alleged transaction in *Thrush*, as Deeproot Funds, LLC is not the entity that applied for, provided documentation, and was approved for payroll protection. The funds were authorized to pay for Deeproot Tech's payroll and approved expenses, not any other entity's expenses. Thus, while the Defendant attempts to frame this fact as a transfer to two different bank accounts where funds happened to be comingled, the Defendant was never authorized to transfer

PPP loan proceeds to any other entity, including Deeproot Funds, LLC. Again, the funds equaling almost $500,000 from "other sources" sitting in the Deeproot Funds, LLC account at the time of the transfer were funds solely provided by investors, not proceeds from any business operations. The Defendant here took the PPP loan funds approved for Deeproot Tech, transferred them to Deeproot Funds, and comingled the PPP loan funds with funds directly from investors. None of the comingled funds in that entity's account should have paid previous investors, but that's what Defendant did with them.

*Thrush* deals with comingling funds within one entity, whereas Defendant's PPP-loan was transferred from an approved entity (Deeproot Tech) to the non-approved entity (Deeproot Funds). 738 F.Supp.3d at 905; Def. Ex. C. As such, the Government here is not setting forth the same argument that the Government did in *Thrush*. *Thrush* does not deal with a PPP-loan that has been transferred from an approved entity to a non-approved entity, and as such has no bearing on this case.

Taking the indictment allegations as true, the indictment is legally sufficient.

### iii. Although outside the scope of the indictment for sufficiency, the fact Defendant moved the PPP loan funds to a different entity is indicia of fraud.

Unlike *Thrush*, the Defendant's case is more aligned with *United States v. Fatani*, 125 F.4th 755 (5th Cir. 2025), a Fifth Circuit case where the defendant transferred PPP-loan funds to a distinct entity, an entity other than the entity approved for the loan funds. 125 F.4th at 757–58.

In *Fatani*, the defendant was a PPP-loan borrower who submitted fraudulent PPP loan applications. *Id.* at 757. The defendant received a PPP-loan for approximately half a million dollars for his company—Route 786 USA. *Id.* Once this loan was wired into the defendant's back account, the defendant made four major transactions. The first and fourth of which are relevant here. The defendant first wrote a Route 786 check to A&H Heyville, LLC, which was controlled by another

co-conspirator. *Id.* Then, the month following, the defendant made a fourth transaction, which involved issuing a Route 786 check to Z Cellular, LLC, a company which the defendant and his family owned. *Id.* at 758.

In reviewing sufficiency of evidence for the Defendant's conviction, the Fifth Circuit explained "a scheme to defraud is complete when '[t]he persons intended to receive the money had received it irrevocably.'" *Id.* (first quoting *United States v. Arledge*, 553 F.3d 881, 892 (5th Cir. 2008); and then quoting *United States v. Maze*, 414 U.S. 395, 400 (1974)) (alteration in original). Like in *Fatani*, transferring loan funds from an approved entity like Deeproot Tech, LLC to unapproved entities like Deeproot Funds, LLC is an essential part of the fraudulent scheme, and part and parcel to how the loan funds were not used for approved expenses.

Again, although outside the scope of the indictment for the review of sufficiency, the Government respectfully asks this court to deny Defendant's motion to dismiss.

## II.     MOTION TO CONTINUE

The Government again opposes any continuance of the August 10th, 2026, trial date. Missing from the Defendant's motion was mention of the Government's motion in limine regarding admissibility of the Defendant's misuse of PPP loans filed on March 27, 2026. ECF 52. Within that motion, the Government laid out the ways in which Defendant's misuse of the PPP loans, namely, paying investors using PPP loan funds, furthered his fraudulent scheme. Defendant opposed the Government's motion in limine concerning the use of PPP loans to pay investors as not being relevant. ECF 61 at 9. On June 3, 2026, the Court granted the Government's motion in limine, ruling that evidence of the PPP loans was intrinsic to the wire fraud allegations. ECF 69. Defendant's motion claims that the new charge is "an entirely different scheme," but as it was

argued in March, it is the same – Defendant used funds he fraudulently obtained to pay previous investors. ECF 77 at 12 ¶ 1.

Contrary to Defendant's assertions, the charge for bank fraud relies on all the same bank account documentation that Defendant already had in his possession through discovery. All information concerning the loan amounts, the dates the loan entered the accounts, and how the funds were spent, was already available to Defendant. Similarly, it was noticed by the Government in March and ruled admissible, three days before the second superseding. Defendant was aware this evidence would be introduced by the government and admissible at trial. The only relevant additional discovery has been the Defendant's own application for the PPP loan and the payroll documentation for his own entities. The Government will continue to comply with its obligations, turning over any documentation that comes to its attention pertaining to the case, whether it is admissible or not.

Also missing from the Defendant's motion was reference to the record made at the *Lafler* hearing on April 6, 2026. First, at that hearing, it was acknowledged that the Government planned to supersede again. Second, the honorable Court's admonition at the *Lafler* hearing was that any superseding indictment needed to be further in advance of the trial date than the last superseding. Accordingly, the Government superseded ten weeks before the scheduled date for voir dire.

As mentioned in the Government's previous opposition to continuance, the victims have a right to proceedings free from unreasonable delay. 18 U.S.C. § 3771(a)(7). Many of the victims of Defendant's scheme six years ago were retired or senior citizens. The rights of remaining victims must be considered as the passage of time has already silenced victims who have passed away or now live with debilitating infirmities. Further delay jeopardizes their ability to be present or testify at the proceedings.

The Government respectfully requests Defendant's motion for continuance be denied.

### III.    CONCLUSION

For the reasons stated above, the United States respectfully requests the Court DENY the

Defendant's Motion to Dismiss and Motion to Continue.

WHEREFORE, the Opposed Motion to Continue should be denied and trial should commence as

scheduled.

Respectfully submitted,

JUSTIN R. SIMMONS
UNITED STATES ATTORNEY


WILLIAM R. HARRIS
ASSISTANT UNITED STATES ATTORNEY
Ohio Bar No. 0017818

*Alicia Lovett McNab*
ALICIA LOVETT McNAB
ASSISTANT UNITED STATES ATTORNEY
Texas State Bar: 24103867
601 N.W Loop 410, Suite 600
San Antonio, Texas 78216-5597
(210) 384-7025

11

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of July 2026, a true and correct copy of the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF System which will transmit notification of such filing to the following CM/ECF participant:

H. Jay Hulings, Esquire
719 S. Flores Street
San Antonio, Texas 78204
jhulings@dslawpc.com


*Alicia Lovett McNab*
ALICIA LOVETT McNAB
Assistant United States Attorney

12